533 A.2d 1135

Estate of Harry A. Kuljian, Deceased, c/o M. George Mooradian, Esquire, Executor, Appellant v. Tax Review Board, City of Philadelphia, Appellee.

Argued September 14, 1987, before Judges MAC-PHAIL and PALLADINO, and Senior Judge NARICK, sitting as a panel of three.

*William G. O'Neill, Obermayer, Rebmann, Maxwell & Hippel,* for appellant.

*T. Braden Kiser,* Assistant City Solicitor, with him, *Andrew P. Bralow,* Divisional Deputy City Solicitor, *Handsel B. Minyard,* City Solicitor, for appellee.

OPINION BY JUDGE PALLADINO, December 3, 1987:

The Estate of Harry A. Kuljian (Appellant) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) which affirmed the decision of the Tax Review Board of the City of Philadelphia (Board) finding Appellant liable for city wage taxes totalling $48,281 which were withheld during the years 1974-78, plus interest and penalties. We affirm.

In 1930, Harry A. Kuljian formed the Harry A. Kuljian Company (Company) as a sole proprietorship engaged in performing architectural and engineering services. In the mid-1940's, Mr. Kuljian and a partner formed a separate entity which they called the Harry A. Kuljian Corporation (Corporation). At the time of the formation of the Corporation, Pennsylvania law forbade the performance of architectural services by corpora-

tions. For this reason, the Company performed the architectural aspects of the services performed by the two entities, while the Corporation performed industrial engineering services. Although Pennsylvania law was subsequently changed to permit architectural corporations, the Company was kept in existence. The employees of the Company were professionals such as draftspersons, designers and project engineers whose time was billable to clients, while the employees of the Corporation were primarily support personnel. The two entities maintained separate employee lists and payroll accounts, independent checking accounts, and filed separate federal and city tax returns. In 1974, Mr. Kuljian died, and in 1978, the corporation was sold.

The focus of this tax appeal concerns the years 1974 to 1978. In 1980, the City audited the Company and found that, while it had deducted withholding taxes from its employees' paychecks for those years, it had not remitted them to the City. Thus, the City assessed the sum of $48,281.00 against Appellant as owner of the Company. In addition the City added $91,393.47 in interest and penalties. Appellant appealed to the Board contending that the Corporation, not the Company, was the employer for the purposes of city wage taxes, and therefore that the City should assess the Corporation rather than the Company.

The Board held two hearings at which Appellant's witness testified concerning the relationship between the Company and the Corporation. The purpose of this testimony was to attempt to show that the Company was simply a paper figurehead acting as a mere conduit for the Corporation and therefore that the Corporation was the "true" employer for tax assessment purposes. The Board nevertheless found that the Company was the employer and affirmed the assessment against Appellant. However, the Board did abate two-thirds of the penalties assessed upon the condition that Appellant

enter into an installment arrangement with the City for payment of sums owed. Appellant appealed to the trial court which affirmed the assessment but reinstated the entire penalty amounts because Appellant had failed to enter into an arrangement for remittance.

Our scope of review is limited to whether the Board committed an error of law or violated any constitutional right, or whether the Board's findings of fact are supported by substantial evidence. *Appeal of Suspension of McClellan*, 82 Pa. Commonwealth Ct. 75, 475 A.2d 867 (1984).

Counsel for Appellant contends that the Board erred when it determined that the Company, and not the Corporation was the employer for city tax purposes during the years 1974-78. Counsel also contends that the trial court abused its discretion in reinstating the portion of the penalties abated by the Board. We disagree with both contentions.

Under Section 19-1501(3) of the Philadelphia Code, an employer is defined as "an individual, co-partnership, association, corporation, governmental body or unit or agency, or any other entity, who or that employs one or more persons on a salary, wage, commission or other compensation basis."

There is no dispute in this matter that the Company kept separate payrolls for its employees, paid them out of a checking account that was independent of the Corporation, and reported to the City that it was withholding payroll taxes from its own employees. These distinct and separate functions show that while the Corporation and the Company may have been interlocked so as to provide one overall set of services, they were nevertheless separate entities for both bookkeeping and operational purposes. Therefore, keeping in mind that the construction of a statute by those charged with its administration and execution should not be disregarded

unless clearly erroneous, *Carol Lines, Inc. v. Pennsylvania Public Utility Commission,* 83 Pa. Commonwealth Ct. 393, 477 A.2d 601 (1984), we cannot say that the Board erred in concluding that the Company was the employer within the meaning of the Philadelphia Code during the years 1974-78.

Finally, in its decision affirming the tax assessment, the Board stated:

Two-thirds of the Penalties abated. We direct installments to be in such amounts as Department determines taxpayer can afford to pay.

Should taxpayer not adhere to the installment payments on principal as agreed with the City, then the Interest and/or Penalty previously abated may be reinstated.

This decision was issued on April 24, 1986. The trial court issued its order affirming the Board on September 8, 1986. In its opinion, the trial court stated: "Since the Company did not enter into any payment arrangements as required by the [Board] to allow abatement of two-thirds of the penalties, no portion of the interest or penalties was abated." *Estate of Harry A. Kuljian v. Tax Review Board of City of Philadelphia,* (No. 3257 May Term 1986, filed December 15, 1986), slip op. at 3. Given that four and one-half months had passed between the issuance of the Board's decision and the order of the trial court, we cannot say that the trial court abused its discretion in holding that the Estate had forfeited the abatement in failing to comply with the Board's decision.

The order of the trial court is affirmed.

## ORDER

AND NOW, December 3, 1987, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.