572 A.2d 850

James R. FREDERICK

v.

The CITY OF PITTSBURGH, Bureau of Building Inspection
of the City of Pittsburgh, Ray Adenour, t/d/b/a Ray
Adenour, Contractor.

Appeal of CITY OF PITTSBURGH, Bureau of Building
Inspection of the City of Pittsburgh, Appellants.

Commonwealth Court of Pennsylvania.

Argued Feb. 5, 1990.

Decided April 3, 1990.

James Thomas, Jr., Asst. City Sol., with him, D.R. Pellegrini, City Sol., for appellants.

Maureen Dunn Harvey, with her, William Peter Chapas, Wallace, Chapas & Jamiolkowski, Pittsburgh, for appellee.

Before CRAIG and PALLADINO, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The City of Pittsburgh, Bureau of Building Inspection of the City of Pittsburgh (City) appeals the Allegheny County Common Pleas Court's order denying the City's Motion for Post–Trial Relief. We affirm.

In this case, James R. Frederick (Frederick) bought a house and property situated at 3261 McClure Avenue for $2,279.98 at the City's October 1, 1984 treasurer sale. He planned to renovate the building and sell it for a profit. Subsequent to that sale, Frederick received a treasurer's deed from the City dated May 1, 1985 with an accompanying letter dated May 28, 1985.

Unknown to Frederick, the City had condemned the subject property on June 15, 1984 and completed demolition on August 20, 1985. He received no warning of the imminent demolition because the City sent all notices of condemnation to the prior owner of the property.

Frederick sued the City and its contractor, Ray Adenour, in Allegheny County's arbitration division for negligent demolition of his building. After an adverse decision, the City and its contractor, the latter of whom was later dropped from the suit, filed an appeal requesting a non-jury trial.

At that trial, counsel for Frederick submitted the 1985 Allegheny County assessment for the property in the amount of $4,150. The City objected to the admission of the assessment document itself, but only on the ground of lack of foundation. However, the City failed to object to Frederick's testimony regarding value, as well as to the court taking judicial notice of the fact that Allegheny County assesses property at 25% of the fair market value.[1]

1. At this point, we note that Frederick testified as to what the value of his property would be with his proposed improvements, but not as to the actual value before demolition. Given the circumstances, however, it would have been difficult for him to testify to the actual value prior to demolition since he never viewed the property prior thereto.

▉ In a February 3, 1989 order, the trial court awarded Frederick $16,850.00 plus delay damages of $4,463.62.[2] On June 30, 1989, the trial court subsequently denied the City's February 10, 1989 Motion for Post–Trial Relief because (1) the City failed to object at the trial to Frederick's testimony regarding the fair market value of the property and (2) the City failed to set forth in its motion how the grounds for relief were otherwise asserted in pre-trial proceedings or at trial, thereby waiving any objection to Frederick's testimony.[3]

▉ The issue before us is whether the City waived the grounds for its Motion for Post–Trial Relief because it failed to object to Frederick's testimony or to the trial court's taking judicial notice of the nature of assessments in Allegheny County. We note that our scope of review here is whether the trial court palpably abused its discretion or committed a clear error of law. *Loos & Dilworth v. Quaker State Refining Corp.*, 347 Pa.Superior Ct. 477, 500 A.2d 1155 (1985).

The grounds for post-trial relief, as found in Pa.R.C.P. (Rule) No. 227.1(b)(1) and (2), are as follows:

(b) Post-trial relief may not be granted unless the grounds therefor,

(1) if then available, were raised in pre-trial proceedings or by motion, objection, point for charge, request for finding of fact or conclusions of law, offer of proof or other appropriate method at trial; and

(2) are specified in the motion. The motion shall state how the grounds were asserted in pretrial proceedings or at trial. Grounds not specified are deemed waived unless leave is granted upon cause shown to specify additional grounds.

---

**2.** We note that the measure of damages in a case such as this where the injury to the property was permanent is the actual value of the building immediately before injury. *Department of Transportation v. Estate of Crea,* 92 Pa.Commonwealth Ct. 242, 483 A.2d 996 (1977).

**3.** The City's Motion for Post–Trial relief was limited to damages only; liability was uncontested.

■ The import of the Rule is that the grounds for relief requested must have been raised in pre-trial proceedings or at trial and that those grounds must be stated in the motion. As noted in the explanatory comment to subdivision (b)(1) of the Rule, "[a] ground for a new trial or a judgment notwithstanding the verdict may not be raised for the first time in the Motion for Post–Trial Relief. It must be raised timely in pre-trial proceedings or during the trial, thus affording the court the opportunity to correct the error."

■ In regards to subdivision (b)(2) of the Rule, the authors of the explanatory comment also point out that the motion "must state the specific grounds for the relief sought and 'how the grounds were asserted in pre-trial proceedings or at trial'." The result of this requirement is to deter and disapprove "motions which set forth mere 'boilerplate' language."

■ The City asserts that it is improper to use assessments in negligent demolition cases because they are not admissible in eminent domain cases. *Mehalic v. Westmoreland County Tax Claim Bureau*, 111 Pa.Commonwealth Ct. 398, 534 A.2d 157 (1987). On that basis, the City argues that the trial court thus was obligated to disregard the assessed value, with or without objection by counsel. We disagree. The requirements of Rule 227(b) are set forth very clearly, and it is just as evident that the City failed to raise their objections by the appropriate method or in a timely manner.

For these reasons, we affirm.

PELLEGRINI, J., did not participate in the decision in this case.

## ORDER

AND NOW, this 3rd day of April, 1990, the order of the Allegheny County Court of Common Pleas in the above-captioned matter is hereby affirmed.