**Righter v. Walter**

*George G. Oschal* and *James J. Albert,* for plaintiffs.

*Rebecca E. Jellen,* for defendant.

NANOVIC, *P.J.,* March 12, 2009—

## FACTUAL AND PROCEDURAL BACKGROUND

On May 22, 2002, a pickup truck driven by Ebin M. Walter (defendant) rear-ended a van driven by Ronald Righter (plaintiff).[1] The accident occurred at the intersection of Sixth and Mahoning Streets, in Lehighton, Carbon County, Pennsylvania. Both vehicles were traveling in the same direction on Mahoning Street, defendant behind plaintiff, and plaintiff behind a third vehicle driven by Janet Bonner. As a result of this accident, plaintiff claims he suffers from neck and lower back pain.

A jury trial commenced on June 11, 2008, and concluded on June 12, 2008, when the jury returned a verdict finding that defendant was negligent, but that plaintiff suffered no injuries as a result of defendant's negligence. Plaintiff has timely filed a motion for post-trial relief

---

1. The plaintiff, Megan Righter, as the wife of Ronald Righter, has a claim for loss of consortium. Because Mrs. Righter's claim is dependent on that of her husband's and because the jury found defendant was not responsible for any injuries claimed by Mr. Righter, for purposes of this opinion, we refer to Ronald Righter as the "plaintiff".

seeking a new trial on damages only. In short, plaintiff asserts that the verdict is contrary to the evidence and contrary to the weight of the evidence. Plaintiff also asserts that we erred in allowing a lay witness to offer an opinion as to the fault of a non-joined third party. For the reasons which follow, plaintiff's post-trial motion will be denied.

## DISCUSSION

### 1) *Lay Witness Testimony*

Procedurally, plaintiff's assertion that we erred in allowing a lay witness to offer opinion testimony on the fault of a non-joined third party is deemed waived. At trial, Hillary Hancock testified that she was stopped on Sixth Street, at its intersection with Mahoning Street, waiting for traffic to pass, when she saw the accident occur. Because she believed Mrs. Bonner was responsible for the accident—by making a sudden, abrupt left turn which caused the plaintiff to unexpectedly brake and defendant, in turn, to run into plaintiff's van—she followed Mrs. Bonner, who apparently was totally unaware of the accident behind her, to a nearby doctor's office and then returned to the scene of the accident and reported to the investigating police officer where Mrs. Bonner could be found. Plaintiff's counsel failed to object to any of Ms. Hancock's testimony at trial, or to have any portion of it stricken. "[P]ost-trial relief may not be granted unless the grounds therefor, (1) if then available, were raised . . . by . . . objection . . . or other appropriate method at trial . . . ." Pa.R.C.P. 227.1(b)(1) (2004); see also, *Frederick v. City of Pittsburgh,* 132

Pa. Commw. 302, 306, 572 A.2d 850, 852 (1990) ("The import of the rule is that the grounds for relief requested must have been raised in pretrial proceedings or at trial and that those grounds must be stated in the motion.").

Even had the issue been properly preserved for our review, it would not warrant setting aside the jury's verdict, nor would it warrant a new trial on damages.

"A lay witness may express an opinion if it is based upon his own perceptions and helpful to a clear understanding of his testimony or the determination of a fact in issue. . . . Although the admission of an opinion on an ultimate issue of fact does not constitute error per se, . . . if its admission would confuse, mislead, or prejudice the jury, it should be excluded. . . . In order for a ruling on evidence to constitute reversible error, it must be shown not only to have been erroneous, but harmful to the party complaining." *McManamon v. Washko,* 906 A.2d 1259, 1276 (Pa. Super. 2006) (citations and quotations omitted) (finding no prejudice in trial court's admission of party-witness' lay opinion testimony as to fault regarding automobile accident), *appeal denied,* 591 Pa. 736, 921 A.2d 497 (2007); see also, *Wilson v. Pennsylvania Railroad Company,* 421 Pa. 419, 427, 219 A.2d 666, 671 (1966) (placing discretion with the court on the admissibility of a lay witness' opinion, based upon personal knowledge and helpful to an understanding of the witness' testimony).

Here, no ruling was made on the evidence because, as mentioned, counsel did not object. Moreover, there is no basis to believe that the jury was confused or misled by

Ms. Hancock's opinion of fault, or that the plaintiff was prejudiced by its admission, as the jury found defendant was negligent.

"[T]he ultimate issue rule has been criticized because of the inherent difficulty in deciding what constitutes an ultimate issue in the particular case. . . . Moreover, the rationale for the rule, that ultimate issue opinion should be excluded because it 'usurps' the jury's function, has been labeled 'mere empty rhetoric', because no witness can usurp the jury's function even if he wants to. . . . If the word 'usurp' is put aside, and the ultimate issue rule considered as prohibiting opinions that might lead the jury to forgo an independent analysis of the case, still the question remains whether any ultimate issue lay opinion does have such an effect. The opinion cannot prevent an independent jury decision; the jury is still free to decide. Moreover, it is at best doubtful that a jury is influenced more by opinion testimony on the ultimate issue than it is by fact testimony on the ultimate issue; yet we do not exclude fact testimony on the ultimate issue. . . . If a jury reaches the same conclusion as that offered by the lay witness, it seems more likely that the jury interpreted the facts in the same way and accepted the witness' opinion because it fit the facts, than that it failed to make an independent analysis of the facts merely because it happened to hear an opinion. Where the opinion is not supported by the facts; that may be pointed out by cross-examination and argument, and the jury persuaded to reject the opinion." *McKee by McKee v. Evans,* 380 Pa. Super. 120, 138-39, 551 A.2d 260, 268-69 (1988) (citations and quotations omitted), *appeal denied,* 522 Pa. 604, 562 A.2d 827 (1989).

As to the effect of any fault which the jury might attribute to Mrs. Bonner, the jury was specifically instructed that the question of defendant's negligence as a cause of the accident was independent of any other causes and that, if defendant's conduct was determined to be a legal cause of harm to plaintiff, plaintiff was entitled to be fully compensated for all injuries caused by defendant's conduct notwithstanding that the conduct of other persons who are not parties to these proceedings may also have contributed to the harm.[2] Accordingly, plaintiff's assertion that we erred in allowing a lay witness to offer opinion testimony on the fault of a non-joined third party is without merit, if not waived, and does not constitute reversible error.[3]

## 2) *Sufficiency of the Evidence*[4]

We next turn to plaintiff's assertion that the verdict is contrary to the evidence. This claim is a challenge to the sufficiency of the evidence. "Where the evidence is insufficient to sustain the verdict, the remedy granted in civil cases is a judgment n.o.v." *Lilley v. Johns-Manville*

---

2. Plaintiff raised no objections to these instructions.

3. We also note that plaintiff has apparently abandoned this issue. No argument, or legal authority in support of the issue, is contained in plaintiff's brief in support of motion for post-trial relief.

4. "[T]he remedy of entry of judgment in a party's favor is proper only when a party successfully challenges the *sufficiency* of the evidence. . . . On the other hand, the remedy of a new trial is proper when the verdict rendered by the trial court indicates that the trial court abused its discretion when *weighing* the evidence. . . . This distinction is crucial and is repeated ad nauseum by the appellate courts of this Commonwealth in both civil and criminal cases." *Morin v. Brassington,* 871 A.2d 844, 851 (Pa. Super. 2005). (emphasis in original)

*Corp.,* 408 Pa. Super. 83, 91, 596 A.2d 203, 206 (1991), *appeal denied,* 530 Pa. 644, 607 A.2d 254 (1992). "Judgment n.o.v. is an extreme remedy properly entered by the trial court only in a clear case where, after viewing the evidence in the light most favorable to the verdict winner, no two reasonable minds could fail to agree that the verdict was improper." *Robertson v. Atlantic Richfield Petroleum Products Co.,* 371 Pa. Super. 49, 58, 537 A.2d 814, 819 (1987), *appeal denied,* 520 Pa. 590, 551 A.2d 216 (1988).

"In considering a challenge to the sufficiency of the evidence, [we] must view the evidence presented in a light most favorable to the verdict winner, grant that party the benefit of all reasonable inferences, and determine whether the evidence introduced at trial was sufficient to sustain the verdict. . . . A party moving for judgment n.o.v. (*i.e.,* challenging the sufficiency of the evidence) contends that the evidence and all inferences deducible therefrom, viewed in the light most favorable to the verdict winner, is insufficient to sustain the verdict." *Gorski v. Smith,* 812 A.2d 683, 691 (Pa. Super. 2002) (citations and quotations omitted), *appeal denied,* 579 Pa. 692, 856 A.2d 834 (2004). This same standard is applied by the courts of common pleas in addressing a post-trial motion. See *e.g., Michaels v. State Farm Fire and Casualty,* 33 Phila. 59, 61 (1997), *affirmed,* 707 A.2d 557 (Pa. Super. 1997).

Viewing the evidence, together with all favorable inferences drawn therefrom, in the light most favorable to defendant as the verdict winner, we find ample support for the jury's determination that the defendant's negli-

gence was not a substantial factor in bringing about plaintiff's alleged harm. This determination is one for the jury. See *Peterson v. Shreiner,* 822 A.2d 833, 840 (Pa. Super. 2003). "[W]hether the defendant caused the plaintiff's injuries and whether the plaintiff suffered from compensable pain" is within the province of the jury. *Id.* at 838-39.

We do not agree with plaintiff's assessment that the evidence is insufficient to sustain the verdict. Plaintiff premises his argument upon the mistaken belief that there was *uncontested* evidence at trial of his injuries, and indeed refers us to a line of cases in which there was truly uncontested evidence of injury. Cf. *Andrews v. Jackson,* 800 A.2d 959, 965 (Pa. Super. 2002) (holding that where a defendant's negligence is the cause of an auto accident and both parties' medical experts agree that plaintiff sustained some injury as a result of the accident, a jury finding that defendant's negligence was not a substantial factor in causing at least some injury to the plaintiff warranted a new trial on the issue of damages), *appeal denied,* 572 Pa. 694, 813 A.2d 835 (2002). However, plaintiff's assertion that his evidence was uncontradicted is belied by the record. Defendant chose not to call a medical expert witness, and relied instead upon thorough cross-examination of plaintiff's expert witness and plaintiff himself. Defendant never conceded liability for plaintiff's injuries, nor did he present an expert witness who conceded that plaintiff suffered any injury as a result of the accident. Cf. *Peterson,* 822 A.2d at 836, 838, 840 (reinstating jury's verdict in motor vehicle accident case that defendant was negligent, but that negligence was not a substantial factor in bringing about

plaintiffs' harm, after trial in which defendant did not concede liability for plaintiffs' alleged injuries, did not present an expert witness, and relied upon cross-examination of plaintiffs' witnesses).

More directly, defendant testified that at the time of the accident when he inquired whether plaintiff was hurt, plaintiff denied any injuries.[5] Additionally, plaintiff's own testimony raises serious doubts about the injuries for which he seeks to hold defendant responsible. Plaintiff admitted he did not seek medical assistance at the scene of the accident or until three weeks had passed. Plaintiff acknowledged that shortly after the accident, he went about his day as planned. Defendant's counsel elicited discrepancies between plaintiff's testimony at trial of what caused the accident and plaintiff's version given to the police at the time of the accident, as well as in his pretrial deposition. Plaintiff was unable to explain why he did not provide a complete medical history of injuries, treatment, and complaints he experienced before the accident to Dr. Albert Janerich, the physician plaintiff presented at trial as his medical expert in the field of physical medicine and rehabilitation. Plaintiff also testified that he was involved in another motor vehicle accident which occurred after his accident with defendant, and that he also fell down 14 steps following which diagnostic studies were taken of both his back and neck. By exaggerating the injuries which he claimed were

---

5. Plaintiff did not request that any portion of the trial transcript be prepared for post-trial proceedings. Therefore, our references are limited to our review of the trial recording, being unable to cite to any transcript.

caused in the instant motor vehicle accident, plaintiff undermined his credibility regarding both the existence and the extent of such injuries.

Our review of Dr. Janerich's testimony is equally damaging to plaintiff's cause.[6] Dr. Janerich testified that he examined plaintiff nine months after the accident at the request of plaintiff's counsel (N.T. 02/13/2008, pp. 8-9, 70), that plaintiff did not sustain any bulges or disc herniations in the cervical spine region (N.T. 02/13/2008, p. 62), that straightening of the cervical lordosis can be a result of the patient's position during the diagnostic study (N.T. 02/13/2008, p. 62), that plaintiff sustained a lumbar injury prior to the accident requiring the surgical placement of Harrington Rods (N.T. 02/13/2008, p. 10), that plaintiff failed to see other physicians and to comply with treatment as recommended (N.T. 02/13/2008, p. 65), and perhaps most importantly, that he relied almost entirely upon medical records supplied to him by plaintiff's counsel in ascertaining plaintiff's medical history prior to the accident, without obtaining complete medical records from plaintiff's medical providers. (N.T. 02/13/2008, pp. 49-50, 58-61.)

The medical records not reviewed by Dr. Janerich revealed that plaintiff saw a pain management specialist 16 days prior to the accident in question (N.T. 02/13/2008, p. 76) and that plaintiff had previously sustained damage

---

6. Dr. Janerich's deposition testimony taken on February 13, 2008, was read into the trial record. For purposes of post-trial proceedings, plaintiff submitted a copy of Dr. Janerich's deposition testimony, and it is to this transcript that we cite.

to his left leg nerve. (N.T. 02/13/2008, pp. 54-55.) Dr. Janerich was further unable to tell the jury what medications plaintiff was taking for pain management at the time of the accident. (N.T. 02/13/2008, p. 54.) In short, Dr. Janerich's opinion was based upon his limited treatment of plaintiff to whom he was introduced by plaintiff's counsel, plaintiff's self-serving oral medical history, and a misleading summary of plaintiff's medical records created by plaintiff's counsel and reviewed by the doctor on the day of his deposition. (N.T. 02/13/2008, pp. 11, 49-50.) Without question, Dr. Janerich's testimony was suspect and the jury was entitled to discredit this testimony in its entirety. See *Bezerra v. National R.R. Passenger Corp.*, 760 A.2d 56, 63 (Pa. Super. 2000) ("[T]he jury is not required to accept everything or anything a party presents."), *appeal denied*, 567 Pa. 708, 785 A.2d 86 (2001).

The burden in this case was upon plaintiff to prove and persuade the jury of the merits of his case. Plaintiff failed to do so and the record is more than adequate to sustain the validity of the jury's verdict. See *Morgan v. Philadelphia Electric Co.*, 299 Pa. Super. 545, 549, 445 A.2d 1263, 1265 (1982) (stating that "a jury may properly ignore any plaintiff's claim for damages when it disbelieves the witnesses of the plaintiff and therefore is unconvinced by plaintiff's evidence"). Further, a jury is not required to find every injury compensable and may, according to our Superior Court, dismiss a bruise as "a transient rub of life," undeserving of compensation. *Kennedy v. Sell,* 816 A.2d 1153, 1157 (Pa. Super. 2003). Based upon the record presented, we would abuse our discretion were we to set aside the jury's findings on

causation and enter judgment n.o.v. See *Rohm and Haas Co. v. Continental Casualty Co.,* 732 A.2d 1236, 1248 (Pa. Super. 1999), *aff'd,* 566 Pa. 464, 781 A.2d 1172 (2001).

### 3) *Weight of the Evidence*

Lastly, we turn to plaintiff's contention that the verdict was contrary to the weight of the evidence, and again find that the jury did not err. As noted, the remedy if the evidence was improperly weighed is the granting of a new trial. See *Morin v. Brassington,* 871 A.2d 844, 851 (Pa. Super. 2005).

"There should be nothing difficult about a decision to grant a new trial for inadequacy: the injustice of the verdict should stand forth like a beacon. Nor, weighing difficulties, may a court resolve them with a coin, when the result is to overturn the verdict of a jury reached on dubious evidence of damages." *Elza v. Chovan,* 396 Pa. 112, 118, 152 A.2d 238, 241 (1959).

"A trial court may only grant a new trial when the jury's verdict is so contrary to the evidence that it 'shocks one's sense of justice.'" *Neison v. Hines,* 539 Pa. 516, 520, 653 A.2d 634, 636 (1995).

"It is hard to imagine a situation which calls for a more deferential standard of review than a weight of the evidence claim. It is the exclusive province of the jury, as fact-finder, to hear evidence on damages and decide what amount fairly and completely compensates the plaintiffs. A trial court should be loath to substitute its judgment for the jury's and may do so only in very limited circumstances." *Matheny v. West Shore Country Club,* 436 Pa.

Super. 406, 407-408, 648 A.2d 24, 24 (1994), *appeal denied,* 540 Pa. 601, 655 A.2d 990 (1995).

For plaintiff to be awarded a new trial, the jury's verdict must be so devoid of any rational basis that it must have reflected passion, prejudice, or some other nonjudicial basis, such that the entire effort of the jury must be disregarded, and the case retried.

It is true that "where a defendant concedes liability and his or her expert concedes injury resulting from the accident that would reasonably be expected to cause *compensable* pain and suffering, the jury's verdict is against the weight of the evidence where it finds for the defendant." *Peterson,* 822 A.2d at 837. (emphasis in original) Here, although defendant conceded liability, he never conceded injury resulting from the accident, and plaintiff presented no reliable evidence of compensable pain and suffering for the jury's consideration. Indeed, the only testimony substantiating the claimed injuries was that of plaintiff and his treating physician, both of whose credibility was severely tested as described above. See *Brodhead v. Brentwood Ornamental Iron Company Inc.,* 435 Pa. 7, 11, 255 A.2d 120, 122 (1969). "From time immemorial, it has been the province of the jury in [negligence] cases, where oral testimony is concerned, to pass upon the credibility of witnesses even though uncontradicted by [defense] witnesses or even though the defendant introduces no testimony at all." *Id.*

In short, the weight of the evidence available to the jury, as described above, amply supports its verdict and the verdict in no way shocks our sense of justice. We cannot hold that the jury's disbelief in plaintiff's or his

expert's testimony was wholly unwarranted and against the weight of the evidence and we will not usurp this prerogative vested in the jury. The jury was "free to believe all, some, or none of the testimony presented by a witness." *Neison,* 539 Pa. at 520, 653 A.2d at 637. "[Plaintiff's] motion for a new trial [merely represents] the act of a disappointed litigant raising sails on the ship of a defeated cause, hoping that some vagrant or wanton wind might bear the craft into a happier port. [We] believe that the [plaintiff is] aboard a ship [devoid of] a cargo of legal and justified complaint." *Thomas v. Mills,* 388 Pa. 353, 362, 130 A.2d 489, 493 (1957) (Musmanno, J., dissenting).

## CONCLUSION

For the reasons given, plaintiff's motion for post-trial relief will be denied.

## ORDER

And now, March 12, 2009, upon consideration of plaintiff's motion for post-trial relief, defendant's response thereto, and counsels' submissions and argument thereon, and in accordance with our memorandum opinion of this same date, it is hereby ordered and decreed that said motion is denied. Accordingly, judgment is hereby entered on the jury's verdict in favor of the defendant, Ebin M. Walter, and against the plaintiffs, Ronald Righter and Megan Righter.