# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sue A. Christmas,             :
           Appellant     :
                            :   No. 43 C.D. 2024
       v.                  :
                            :   Submitted: November 7, 2024
City of Philadelphia       :
                            :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
               HONORABLE LORI A. DUMAS, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                             **FILED: December 9, 2024**

Sue A. Christmas appeals from the order entered in the Court of Common Pleas of Philadelphia County (trial court), which granted summary judgment in favor of the City of Philadelphia (City). Christmas contends the trial court erred in holding that the City was immune from Christmas's negligence suit and, further, that her suit was barred by collateral estoppel. We affirm.

## I. BACKGROUND[1]

Christmas owned an unoccupied property in Philadelphia. In April 2018, the City inspected the property, which revealed it was about to collapse due to a large tree growing *inside* the house that had caused the back and side walls of the house to separate. Christmas has known about the tree since 2009, and contracted to have it removed, but the tree remained. On April 18, 2018, the City notified Christmas that the home was "imminently dangerous," ordered Christmas to repair

---

[1] We state the facts in the light most favorable to Christmas as the non-moving party. *Scarnati v. Wolf*, 173 A.3d 1110, 1118 (Pa. 2017).

or demolish the building, and informed Christmas that the City would bill her for demolition. The City's notice also informed Christmas that she had five days to appeal.

On April 23, 2018, Christmas received the City's notice. That same day, she drove to the property and saw it was partially demolished. Christmas did not request appropriate judicial relief or appeal the City's notice.

The City billed Christmas. In June 2018, she appealed the bill to the Tax Review Board, asserting that the City had provided her with inadequate notice. A hearing was scheduled for June 2019. In April 2019, Christmas requested, apparently unsuccessfully, a continuance of the June 2019 hearing. Christmas claims the June hearing occurred, but she also admits that she had a full hearing before the Board in February 2020.[2] Following the February hearing, the Board partially abated the accumulating interest but otherwise denied Christmas relief. Christmas did not appeal.

Christmas sued the City on April 1, 2020, and eventually filed a complaint raising several claims of negligence. Compl., 11/20/20. Christmas alleged, *inter alia*, that the City failed to (1) provide timely, sufficient notice that the property was dangerous and identify the necessary repairs; (2) give her a timely opportunity to cure any defects; and (3) post notice on the property. *Id.* ¶ 19.[3]

---

[2] Christmas may be referring to a June 2019 hearing before a master. *See generally City of Phila. v. Tax Rev. Bd. of City of Phila.*, 929 A.2d 685, 686 (Pa. Cmwlth. 2007) (*Tax*) (describing the Board's appeal process, which may include an initial hearing before a master, which makes a recommendation, and then a hearing *de novo* before the Board); Phila. Tax Rev. Bd. Procedural Regulations, 3/23/15, at Art. 11 (Masters).

[3] Christmas also contended that the City was negligent by denying her request to appeal *nunc pro tunc* to the Board. Compl. ¶ 20 & Ex. P-3. First, Christmas's contention was in reference to a completely *different* property, per Christmas's own exhibit. *Id.* at Ex. P-3. Second, the exhibit also reflects docket and account numbers that appear nowhere else in the record. *Id.* Nothing in the record discusses this particular property.

2

Christmas's complaint did not identify any exception to immunity under what is commonly known as the Political Subdivision Tort Claims Act (Act), 42 Pa.C.S. §§ 8541-8542.

The City filed preliminary objections on several grounds, including absolute immunity under the Act, but not estoppel. Christmas filed an answer, and the trial court overruled the City's preliminary objections.

The City removed the case to federal court, which subsequently approved the parties' joint stipulation to remand the case to the trial court. "In support of this remand, the parties further agree that [Christmas's] claims sound solely in negligence, and [do] not arise from violations of [Christmas's] constitutional rights." Order, *Christmas v. City of Phila.* (E.D. Pa., No. 21-1409, filed Aug. 4, 2021); Christmas's Br. at 9 (reiterating that the only claim before the trial court is a common law claim for negligent demolition).

On remand, the City filed an answer and new matter that also invoked immunity under the Act, as well as a counterclaim of negligence. The case proceeded to mandatory arbitration, the arbitrators granted relief in Christmas's favor, and the City timely appealed to the trial court, which scheduled discovery.

Following discovery, the City moved for summary judgment, asserting immunity from suit under the Act and collateral estoppel. With respect to the latter, the City argued that Christmas had a full hearing before the Board, where she argued improper notice of the demolition, but she chose not to appeal the Board's adverse decision. Christmas countered that the Board had no authority to resolve whether she received proper notice.

The trial court granted summary judgment in the City's favor because it is immune under the Act. Order, 11/8/23. The court's order did not resolve the

3

City's counterclaim.[4]  Christmas timely appealed to the Superior Court, which transferred the appeal to this Court.  Order, *Christmas v. City of Phila.* (Pa. Super., No. 3141 EDA 2023, filed Jan. 18, 2024).

## II. ISSUE

Christmas raises three issues, which we reordered to facilitate disposition.  First, directing our attention to a federal case, Christmas contends that her negligence claim, asserting a violation of Section 1 of the Act of June 15, 1961, P.L. 445, *as amended*, 53 P.S. § 14611, overcomes any immunity under the Act.  Christmas's Br. at 2.  Second, Christmas disputes that this case stands for the proposition that the only claim available for a violation of 53 P.S. § 14611 is a due process claim.  *Id.* at 1.[5]  Third, Christmas denies that she is estopped from litigating the issue of notice when Christmas's counsel was unable to attend the Board's June 2019 hearing.  *Id.* at 2.

## III. DISCUSSION[6]

In support of her first issue, Christmas states that her "negligence claim

---

[4] Notwithstanding the City's outstanding negligence counterclaim, we hold that the trial court's order resolving immunity is immediately appealable as a collateral order under Pa.R.A.P. 313.  *See Brooks v. Ewing Cole, Inc.*, 259 A.3d 359, 372-73 (Pa. 2021).  When the trial court regains jurisdiction, the parties must appropriately resolve the remaining claim.

[5] The parties agree that the trial court erred on this issue.  *See* Christmas's Br. at 6; City's Br. at 27 n.11.

[6] "In reviewing a grant of summary judgment, this Court's standard of review is *de novo*[,] and our scope of review is plenary."  *Bourgeois v. Snow Time, Inc.*, 242 A.3d 637, 649 (Pa. 2020) (citation omitted).  In resolving "a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party."  *Maas v. UPMC Presbyterian Shadyside*, 234 A.3d 427, 436 (Pa. 2020) (citation omitted).  We may affirm the trial court on any ground evident of record.  *Mazer v. William Bros. Co.*, 337 A.2d 559, 562 n.6 (Pa. 1975).  We may cite to "non-precedential federal cases for their persuasive value, but we are not bound by such cases unless the doctrines of *res judicata* or judicial estoppel apply."  *Marshall v. Se. Pa. Transp. Auth.*, 300 A.3d 537, 540 (Pa. Cmwlth. 2023) (citations omitted).  We read all decisions against their facts. *Maloney v. Valley Med. Facilities,*

is based upon the City's negligence in not following" 53 P.S. § 14611. *Id.* at 8 (discussing *Pivirotto v. Pittsburgh*, 528 A.2d 125 (Pa. 1987)). Per Christmas, the *Pivirotto* Court held that because Pittsburgh failed to give proper notice in a negligent demolition case, the property owner was entitled to relief. *Id.* Christmas asserts that our Supreme Court held that Pittsburgh's violation of the notice statute did not convert the owner's "negligent demolition case into a constitutional claim." *Id.* In that regard, Christmas refers this Court to the parties' joint stipulation that she would pursue only negligence and not any constitutional claims. *Id.* at 9 (citing *Swinson v. City of Phila.* (E.D. Pa., No. 13-6870, filed April 7, 2016), 2016 WL 1383856, *7, for the proposition that "a common law claim for negligent demolition survives the [Act] where § 14611 and the failure to give notice are elements of the claim").

The City counters by emphasizing that Christmas failed to address any exception to the City's immunity under the Act. City's Br. at 21. Regardless, the City argues that 53 P.S. § 14611 "does not abrogate the City's immunity under" the Act for several reasons. *Id.* at 23. First, Christmas has no private cause of action for a violation of 53 P.S. § 14611. *Id.* at 24. Second, the Act, which postdates 53 P.S. §

---

*Inc.*, 984 A.2d 478, 485-86 (Pa. 2009).

For questions of statutory interpretation, we are guided by the Statutory Construction Act of 1972, 1 Pa.C.S. § 1501-1991. *Corman v. Acting Sec'y of Pa. Dep't of Health*, 266 A.3d 452, 471 (Pa. 2021). In that regard, if the statutory language "is clear and unambiguous," then we may not invoke the doctrine of *in pari materia*. *Goodwin v. Goodwin*, 280 A.3d 937, 948 n.7 (Pa. 2022) (cleaned up). "Statutes are *in pari materia* when they relate to the same persons or things or to the same class of persons or things," and thus must "be construed together, if possible, as one statute." *Id.* (cleaned up); *accord Commonwealth v. Rosario*, 294 A.3d 338, 349 (Pa. 2023). Finally, we may not add "a requirement which the legislature did not see fit to include." *Pilchesky v. Lackawanna Cnty.*, 88 A.3d 954, 965 (Pa. 2014) (cleaned up); Felix Frankfurter, Some Reflections on the Reading of Statutes, 47 Colum. L. Rev. 527, 536 (1947) ("One more caution is relevant when one is admonished to listen attentively to what a statute says. One must also listen attentively to what it does not say.").

14611, does not explicitly waive the City's "immunity for violating Section 14611 or any other notice requirement." *Id.* at 25. Third, the City argues *Swinson* is unpersuasive, has not been followed by any other court, and was "expressly rejected" by at least one federal court. *Id.* at 27 (citing *Guy v. Bristol Borough* (E.D. Pa., No. 16-1557, filed June 27, 2018), 2018 WL 3141429).

The Act provides that except "as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa.C.S. § 8541. The City may be liable if two conditions are satisfied. *Id.* § 8542(a). First, the plaintiff's "damages would be recoverable under common law or a statute creating a cause of action . . . ." *Id.* § 8542(a)(1). Second, the plaintiff's injury "was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one" of nine categories. *Id.* § 8542(a)(2). For example, the City may not be immune for acts involving real property in the City's possession. *Id.* § 8542(b)(3).

In *Swinson*, Philadelphia did not send the owner notice that his property was "imminently dangerous." *Swinson*, 2016 WL 1383856, at *2. Philadelphia demolished the property, and the owner sued Philadelphia for negligent demolition because Philadelphia failed to comply with 53 P.S. § 14611. *Id.* at *1. This statute essentially requires Philadelphia to provide notice to the property owner before demolishing the property. 53 P.S. § 14611.[7] The parties cross-moved for summary

---

[7] 53 P.S. 14611 provides that in Philadelphia, when "any building . . . is being maintained in a condition which is found to be hazardous, structurally unsound, dangerous or unfit for human habitation and in violation of any law or ordinance, such building or premises may be declared to be a nuisance by the Department of Licenses and Inspections, and a notice of such finding and declaration shall be served upon the registered owner of the building or premises directing the abatement of the nuisance. The notice shall reasonably specify such repairs or such other measures, including demolition, as may be necessary to abate the nuisance and shall require their

judgment on the owner's claim. *Id.* Philadelphia argued that the owner's negligent demolition claim failed as a matter of law because it is immune under the Act. *Id.* at *5.

The *Swinson* court rejected Philadelphia's argument, reasoning that the Act should be read *in pari materia* with 53 P.S. § 14611. *Id.* at *6. The court explained that in its view, the Act did not eliminate a cause of action for negligence against Philadelphia. *Id.* The district court reasoned that if Philadelphia had immunity, then it "could demolish a person's home without any notice whatsoever, and there would be no remedy against it for damages." *Id.* (citing *Oliver-Smith v. City of Phila.*, 962 A.2d 728 (Pa. Cmwlth. 2008), and *Frederick v. City of Pittsburgh*, 572 A.2d 850 (Pa. Cmwlth. 1999), for the proposition that Pennsylvania has permitted negligent demolition cases to proceed).

In contrast, a different district court rejected the owner's claim for negligent demolition against Philadelphia. *Win & Son, Inc. v. City of Phila.*, 162 F. Supp. 3d 449 (E.D. Pa. 2016) (*Win*). In *Win*, after giving notice, Philadelphia demolished the property. *Id.* at 455. The owner sued Philadelphia for negligent demolition, and the parties cross-moved for summary judgment. *Id.* at 465.

The *Win* court rejected the owner's negligence claim for two reasons. *Id.* First, the court reasoned that the owner failed to "establish that the damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense . . . ." *Id.* (cleaned up). Philadelphia, by giving notice, was "identifying and reacting to a threat to public safety" from the owner's building. *Id.* Because "private parties do not" have any such public safety duty, the *Win* owner could not allege negligence. *Id.* Second,

completion within a reasonable time not less than thirty days from the date of service of the notice." 53 P.S. § 14611.

7

even if the owner could bring a negligence claim, the Act's real property exception to immunity requires that the owner allege that its injury arose from property in Philadelphia's control. *Id.* at 465-66. Because the owner—not Philadelphia—controlled the property, the owner could not prevail on its negligent demolition claim. *Id.* at 466.

Similar to *Win*, in *Guy*, the owner alleged that the borough was negligent by failing to provide him notice before demolishing his property. *Guy*, 2018 WL 3141429, at *1. The borough moved for summary judgment, reasoning it was immune under the Act. *Id.* at *4. The owner disagreed, reasoning that the borough "owed him a duty" when the borough failed to provide notice. *Id.* (relying on *Swinson*). The owner did not invoke any of the Act's exceptions. *Id.*

The *Guy* court noted that unlike *Swinson*, 53 P.S. § 14611 was not at issue. *Id.* at *7. Nevertheless, the court was persuaded by the *Win* court's discussion of the Act. *Id.* at *8. The court reiterated that because "identifying and reacting to a threat to public safety is characteristic of the exercise of government power, and private parties do not engage in such activities," the owner had no recourse under common law. *Id.* (cleaned up). Thus, the court dismissed the owner's negligent demolition claim. *Id.*

In sum, on one hand, in *Swinson*, the district court held that Philadelphia's violation of 53 P.S. § 14611 could proceed notwithstanding the Act because, in that court's view, it must construe 53 P.S. § 14611 *in pari materia* with the Act. *Swinson*, 2016 WL 1383856, *6. On the other hand, *Win* held that Philadelphia was immune under the Act from the owner's negligent demolition claim. *Win*, 162 F. Supp. 3d at 465. The *Win* owner, however, did not invoke 53 P.S. § 14611. *Id.*; *Maloney*, 984 A.2d at 485-86; *accord Guy*, 2018 WL 3141429, at *7-8.

8

Nevertheless, both *Win* and *Guy* granted summary judgment adverse to the owner because the owner failed to establish an exception under the Act. *See Win*, 162 F. Supp. 3d at 465-66; *Guy*, 2018 WL 3141429, at *8.

Instantly, we assume that Christmas has a cognizable claim for negligence for a violation of 53 P.S. § 14611.[8] *Cf. Liss & Marion, P.C. v. Recordex Acquisition Corp.*, 983 A.2d 652, 660 (Pa. 2009) (resolving whether a state law preempted any common law cause of action). Accordingly, we assume Christmas satisfied the first condition of the Act to hold City liable: "the damages would be recoverable under . . . a statute creating a cause of action . . . ." 42 Pa.C.S. § 8542(a)(1). *Compare Swinson*, 2016 WL 1383856, *6, *with, e.g.*, *Win*, 162 F. Supp. 3d at 465. Next, we address whether Christmas satisfied the second condition of the Act: invoking one of the nine categories of negligent acts that would, essentially, negate the City's absolute immunity. *Id.* § 8542(a)(2), (b)(1)-(9).

Christmas, however, did not invoke any of the nine exceptions. Rather, Christmas rests solely upon the *Swinson* Court's holding that "a common law claim for negligent demolition survives the [Act] where § 14611 and the failure to give notice are elements of the claim." Christmas's Br. at 9 (citing *Swinson*, 2016 WL 1383856, at *7). We respectfully disagree with *Swinson* and Christmas for the following reasons.

First, *Swinson* invoked the *in pari materia* doctrine in a summary fashion, without identifying any ambiguity in the statutory language. *See Goodwin*, 280 A.3d at 948 n.7. In addition, the court did not otherwise explain how 53 P.S. § 14611—a notice provision—"relate[s] to the same persons or things or to the same class of persons or things"—as the Act—an immunity statute. *See id.*; *Rosario*, 294

---

[8] To be clear, our assumption is not an affirmative recognition that a party has a private right of action sounding in negligence for violating 53 P.S. § 14611.

9

A.3d at 349.

Second, *Swinson* did not explain how a negligent demolition claim falls within any of the categories of acts that "may result in the imposition of liability" on the City. *See* 42 Pa.C.S. § 8542(b). Rather, *Swinson* appears to create an entirely new exception, but it is well settled we cannot add an exception "which the legislature did not see fit to include." *See Pilchesky*, 88 A.3d at 965; *see generally Swinson*, 2016 WL 1383856 (reflecting no discussion of 42 Pa.C.S. § 8542(b)). Thus, on balance, although neither involved 53 P.S. § 14611, we are more persuaded by the reasoning in *Win* and *Guy*, in which the owner failed to demonstrate a 42 Pa.C.S. § 8542(b) exception to immunity. *See Win*, 162 F. Supp. 3d at 465-66; *Guy*, 2018 WL 3141429, at *7; *see also Marshall*, 300 A.3d at 540. Christmas, identical to the *Guy* owner, rested solely on *Swinson* and invoked no exception under the Act. *See Guy*, 2018 WL 3141429, at *4. Indeed, unlike Christmas, at least the *Win* owner attempted to invoke the real property exception. *See Win*, 162 F. Supp. 3d at 466. Accordingly, for these reasons, even assuming Christmas satisfied the first condition under 42 Pa.C.S. § 8542(a)(1), Christmas failed to satisfy the second condition: identifying *any* one of the nine categories of acts that could result in the City's liability for the alleged negligent demolition of her property. *See* 42 Pa.C.S. § 8542(a)(2), (b)(1)-(9).

Finally, to the extent Christmas relies on *Pivirotto*, we note that the alleged tortious acts in *Pivirotto* predated the Act. *See Pivirotto*, 528 A.2d at 127 (noting the alleged negligent demolition occurred in 1978, prior to the 1980 enactment of the Act). The *Pivirotto* Court also did not address immunity. Relatedly, we also acknowledge that *Swinson* cited to *Oliver-Smith* and *Frederick*. *See Swinson*, 2016 WL 1383856, at *6. Both cases are distinguishable, as neither

addressed immunity. *See Maloney*, 984 A.2d at 485-86. In *Oliver-Smith*, Philadelphia did not invoke immunity, apparently because it mistakenly demolished the owner's property despite the owner's active rehabilitation of the property. *See Oliver Smith*, 962 A.2d. at 729; Br. for Phila., *Oliver-Smith v. City of Phila.* (Pa. Cmwlth., No. 198 C.D. 2008, filed June 19, 2008), 2008 WL 6609983, *7. Similarly, in *Frederick*, the negligent demolition predated the Act. *See Frederick*, 572 A.2d at 851.

Because of our disposition, we need not address Christmas's remaining arguments. Regardless, we would hold that Christmas is not entitled to relief on her collateral estoppel argument. Christmas argues that in April 2019, she requested a continuance of the June 2019 hearing because her counsel was unavailable. Christmas's Br. at 10. According to Christmas, she never had a "full and fair opportunity to litigate the issue," and, thus, the trial court erred when it invoked collateral estoppel. *Id.* The record, however, reflects a *de novo* hearing before the Board in February 2020. *See Tax*, 929 A.2d at 686. In other words, Christmas's argument rests on a misunderstanding of the record and procedural posture.

## IV. CONCLUSION

For these reasons, we affirm the trial court's order granting summary judgment in the City's favor on other grounds. *See Bourgeois*, 242 A.3d at 649; *Mazer*, 337 A.2d at 562 n.6.

 

**LORI A. DUMAS, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sue A. Christmas,      :
     Appellant  :
           :  No.  43 C.D. 2024
     v.     :
           :
City of Philadelphia    :

## **O R D E R**

AND NOW, this 9th day of December, 2024, we AFFIRM the order entered on November 9, 2023, by the Court of Common Pleas of Philadelphia County.

           _____

           **LORI A. DUMAS, Judge**