Pequea Valley School District, Petitioner *v.* Commonwealth of Pennsylvania, Department of Education, Respondent; Fabio Pini et al., Intervenors.

Argued June 7, 1978, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt and DiSalle.

*Frank P. Mincarelli,* with him *Charles B. Grove, Jr.,* and *Blakinger, Grove & Chillas,* P.C., for petitioner.

*Patricia A. Donovan,* Deputy Attorney General, for respondent.

*William B. Ball,* with him *Joseph G. Skelly, Philip J. Murren,* and *Ball & Skelly,* for intervenors.

Opinion by Judge Rogers, July 5, 1978:

Pequea Valley School District, Lancaster County, has filed a Petition for Review of an order of the Secretary of Education requiring it to transport school children in accordance with the Secretary's interpretation of Section 1361 of the Public School Code of 1949.[1] The issues and the facts are, with a minor exception,[2] the same as those presented in *School District of Pittsburgh v. Department of Education*, 33 Pa. Commonwealth Ct. 535, 382 A.2d 772 (1978), where in a comprehensive opinion we upheld the Secretary's interpretation of the Act and its constitutionality as so interpreted, but set aside the Secretary's order with respect to the district's subsidy as being without statutory authority. We will therefore enter an order essentially the same as the one made in that case.[3]

Order

And Now, this 5th day of July, 1978, paragraph 2 of the Secretary of Education's final order dated September 8, 1976 requiring Pequea Valley School District to "transport all eligible non-public school children beyond the school district boundaries in accordance with the ten mile mandated requirement in Act 372" is affirmed; paragraph 3 thereof is vacated in the entirety, without prejudice to the Secretary's right to take further action with regard to subsidy as provided by law.

---

[1] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §13-1361.

[2] Pequea Valley School District urges that we should hold the Act unconstitutional as denying equal protection to children who attend profit-making schools and who as such are not required to be transported by the Act. A complainant has no standing to contest the validity of a law because of its affect on the putative rights of other persons. *Warth v. Seldin*, 422 U.S. 490 (1975) ; *Turco Paint & Varnish Co. v. Kalodner*, 320 Pa. 421, 184 A. 37 (1936) ; *Commonwealth v. Evans*, 156 Pa. Superior Ct. 321, 40 A.2d 137 (1945).

[3] And in *Springfield School District v. Department of Education*, 35 Pa. Commonwealth Ct. 71, 384 A.2d 1049 (1978).