McKeesport Area School District and Kiski Area School District, Petitioners *v.* Commonwealth of Pennsylvania, Department of Education, Respondent. Joseph Wilks and Helen Wilks, his wife et al., Intervenors.

Argued September 12, 1978, before President Judge BOWMAN and Judges WILKINSON, JR., MENCER, ROGERS,

BLATT, DISALLE and MACPHAIL. Judges CRUMLISH, JR. and CRAIG did not participate.

*Lewis J. Nescott,* with him *Ruby, Nescott and Taylor; Andrew G. Uncapher; Andrew G. Uncapher, Jr.;* and *Uncapher & Uncapher,* for petitioners.

*Patricia A. Donovan,* Deputy Attorney General, for respondent.

*Philip J. Murren,* with him *William B. Ball* and *Joseph G. Skelly,* for intervenors.

OPINION BY JUDGE ROGERS, October 25, 1978:

McKeesport Area School District and Kiski Area School District have filed a petition for review of the order of the Acting Secretary of Education requiring them to transport school children in accordance with the Secretary's interpretation of Section 1361 of the Public School Code of 1949. No issue of law or fact distinguishes this case from earlier cases decided by this Court and upholding the Secretary's interpretation of the Act and the Act's constitutionality as so interpreted. We will therefore enter an order essentially the same as the one made in those cases, which are: *School District of Pittsburgh v. Commonwealth*

*Department of Education and Joseph Scott*, 33 Pa. Commonwealth Ct. 535, 382 A.2d 772 (1978); *Springfield School District v. Commonwealth Department of Education*, 35 Pa. Commonwealth Ct. 71, 384 A.2d 1049 (1978); *Pequea Valley School District v. Commonwealth Department of Education and Fabio Pini*, 36 Pa. Commonwealth Ct. 403, 387 A.2d 1022 (1978).

### Order

And Now, this 25th day of October, 1978, paragraph 3 of the Secretary of Education's final order dated April 11, 1977 requiring the respondent districts to "transport all eligible non-public school children beyond the school district boundaries in accordance with the ten mile mandated requirement in Act 372" is affirmed; paragraph 4 thereof is vacated in its entirety, without prejudice to the Secretary's right to take future action with regard to subsidy as provided by law.