Fox Chapel Area School District, Appellant *v.*
Joanne Dunlap, Appellee.

Argued May 8, 1980, before Judges MENCER, CRAIG
and MACPHAIL, sitting as a panel of three.

*J. Richard Lauver,* with him *John R. Dingess,
Kirkpatrick, Lockhart, Johnson & Hutchison,* for appellant.

*John W. Fahnestock, Jr.,* for appellee.

*Anthony D. Newman,* for Amicus Curiae, Pennsylvania State Education Association.

OPINION BY JUDGE MENCER, August 14, 1980:

The Fox Chapel Area School District (District) appeals from an order of the Court of Common Pleas of Allegheny County, which directed the District to grant a leave of absence to Joanne Dunlap (Dunlap). We affirm.

Dunlap requested and was granted a leave of absence for the second half of the 1977-78 school term, pursuant to Section 1166 of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1166. This leave started in February of 1978 and ended in June of 1978. Dunlap then worked the full school term of 1978-79 and thereafter requested a leave for the half term starting in August of 1979 and ending in January of 1980. This request was denied by the District, and Dunlap instituted a complaint in mandamus in the lower court. The lower court granted relief to Dunlap, and this appeal followed.

The resolution of this matter depends upon the interpretation of Section 1166, which provides, in pertinent part:

Any person employed in the public school system . . . who has completed ten (10) years of satisfactory service as a professional employe . . . shall be entitled to a leave of absence for restoration of health, study or travel, or, at the discretion of the board of school directors, for other purposes. . . . *Such leave of absence shall be* for a half or full school term or *for two half school terms during a period of two years,* at the option of such person. . . . (Emphasis added.)

The District argues that "year" means "calendar year," 1 Pa. C.S. §1991, and that the two half term

leaves of absence, the first of which began in February of 1978 and the second of which ended in January of 1980, stretch over three calendar years and concludes, therefore, that Dunlap is not entitled to the second half term leave of absence. We disagree.

We note initially that "year" means "calendar year," "*unless the context clearly indicates otherwise.*" 1 Pa. C.S. §1991 (emphasis added). We believe that, in this context, when the legislature used the phrase "a *period* of two years" (emphasis added), they clearly intended to mean a *quantity* of time, *i.e.*, 24 calendar months running from anniversary to anniversary date. *See, e.g., State v. East Baton Rouge Parish School Board*, 213 La. 885, 35 So.2d 804 (1948); *Sims v. City of Bremerton*, 190 Wash. 62, 66 P.2d 863 (1937). *Cf.* 1 Pa. C.S. §1908 (when any period of time is referred to in any statute, such period in all cases shall be so computed as to exclude the first and include the last day of such period). *See generally* Annot., 5 A.L.R. 3d 584 (1966).

Here, Dunlap's first half term leave began in February of 1978 and her second half term leave would end in January of 1980. Since the two half terms would be completed within a period of 24 months, she is entitled to the second half term leave.

If the District's interpretation of calendar year were adopted, it would be possible for a teacher to elect to take two *spring* half terms, since they would run from, *e.g.*, February of 1978 to June of 1978 and from February of 1979 to June of 1979, or two calendar years. It would not be possible, however, for a teacher to elect to take two *fall* half terms, since they would run from, *e.g.*, August of 1978 to January of 1979 and from August of 1979 to January of 1980, or three calendar years. In ascertaining the legislative intent, of course, it is presumed that the General Assembly does not intend a result that is absurd, impos-

sible of execution, or unreasonable. 1 Pa. C.S. §1922. Such a construction is, we believe, unreasonable.

The District agrees that this result is absurd and unreasonable but argues that, to avoid such a result, we should interpret the language to mean that the two half terms must be taken *consecutively*. Thus, a teacher would be restricted to taking either a fall-to-spring leave or a spring-to-fall leave. While this construction would correct the unreasonable result discussed above, in that a teacher would be precluded from taking *either* two spring half terms *or* two fall half terms, such a construction is unwarranted.

First, the sentence of Section 1166 preceding the one at issue here specifically uses the word "consecutive": "At least five consecutive years of such service shall have been in the school district from which leave of absence is sought. . . ." Failure to include "consecutive" a sentence later indicates that the legislature did not intend for half terms to be taken consecutively.

Second, if the two half terms must be consecutive, then the phrase "during a period of two years" is mere surplusage, since two consecutive half terms could never extend beyond a 12-month period. We presume that the legislature did not intend its enactments to contain surplusage. *Lynch v. Owen J. Roberts School District,* 430 Pa. 461, 244 A.2d 1 (1968).

Last, the language of Section 1166, as it is, supports a different and more reasonable construction. Since inserting "consecutive" into the section is unnecessary to a proper interpretation of the section and would clearly affect its scope and operation, we reject the District's construction. 1 Pa. C.S. §1923(c). *See Commonwealth v. Rieck Investment Corp.,* 419 Pa. 52, 213 A.2d 277 (1965); *Friedberg v. London Grove Township,* 19 Chest. 42 (1970).

The District also argues that Dunlap's request should be denied because she failed to request *both*

half terms in a single request. The District notes that Section 1166 refers to a "leave of absence" in the singular and that, therefore, Dunlap's second request, made at a later time than her first request, should be denied. Again, we disagree.

Section 1166 specifically defines "leave of absence" to include allowance of two half school terms during a period of two years, at the option of the teacher. Nothing in the statute requires an employee to specify in the initial request for a half term that he desires two half terms. To read this requirement into the statute would effectively deny an employee the opportunity to elect a second half term during a period of two years. Since the section was intended to allow leaves, and since the employee is entitled to elect nonconsecutive half terms, we reject the District's contention. *Paskocz v. Fox Chapel Area School District* (Allegheny County Court of Common Pleas, No. GD79-608, filed January 18, 1979).

Order affirmed.

### ORDER

AND Now, this 14th day of August, 1980, the order of the Court of Common Pleas of Allegheny County in the above captioned case, dated July 20, 1979, is hereby affirmed.