Carol Lines, Inc., Petitioner *v.* Pennsylvania Public Utility Commission, Respondent.

Argued April 5, 1984, before Judges WILLIAMS, JR., MACPHAIL and DOYLE, sitting as a panel of three.

*Val Pleet Wilson, Somerson and Bomze, P.C.,* for petitioner.

*Michael C. Schnierle,* Assistant Counsel, with him, *Kenneth E. Nicely,* Deputy Chief Counsel, and *Charles F. Hoffman,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., June 28, 1984:

This is an appeal from a Pennsylvania Public Utility Commission (Commission) order that directed Carol Lines, Inc. (Carol) to obtain a certificate of public convenience and imposed a $100.00 fine.

In October 1980 the Commission instituted a complaint alleging that Carol violated either Sections 1101 or 2503 of the Public Utility Code (Code), 66 Pa. C. S. §§1101 or 2503, by transporting for compensation—without a certificate of public convenience or permit for contract carriage—members of a Philadelphia branch of the Jewish Youth Center (Center) to the Bavarian Festival in Schuylkill County. Carol admitted to the complaint's factual allegations, but denied any Code violations because the carrier service pro-

vided was beyond the Commission's jurisdiction. Transportation to the Bavarian Festival was furnished pursuant to an agreement between Carol and the Center's Teen Tours Program (Program). The agreement required Carol to transport the Program's staff and teenage enrollees to myriad places and events during the summers of 1980 and 1981, some of which included: Seaside Heights beach; Ocean City beach; Asbury Park beach; Great Adventure amusement park; a Phillies baseball game; Bucks County playhouse; Bass River state park; Valley Forge park; French Creek state park; New York City; Washington, D.C.; and the Bavarian Festival.

Although the Program lacked a formal classroom instructional identity, the Administrative Law Judge dismissed the complaint because the religious, cultural and educational values imparted on the tours exempted Carol from the definition of "common carrier by motor vehicle" under Section 102(2) of the Code, 66 Pa. C. S. §102(2); thus, the necessity for a certificate of public convenience or contract carrier permit was eliminated. Section 102(2) pertinently excludes from the definition of "common carrier of motor vehicle," any motorized carrier that provides

transportation of school children between their homes and school or to and from school-sponsored extra curricular or educational activities whether as participants or spectators . . . if the person performing the extra curricular transportation has a contract for the transportation of school children between their homes and school, with the private or parochial school . . . [or] school district. . . .

The Commission, however, reversed the Administrative Law Judge's Initial Decision," and sustained the complaint, upon concluding that the school transporta-

tion exclusion applied to educational institutions that satisfied the Commonwealth's instructional standards or conferred degrees or certificates of graduation.[1]

The issue presented is whether the Commission erred in determining that the Program constituted neither a private nor parochial school under the statutory exemption provision of Section 102(2), thereby necessitating Carol's securing of a certificate of public convenience or contract carriage permit.[2] When statutory language is not explicit, legislative intent may be ascertained through administrative interpretation. Section 1921(c)(8) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921(c)(8). Further, the construction of a statute by those charged with its administration and execution should not be disregarded unless clearly erroneous. *Chappell v. Pennsylvania Public Utility Commission*, 57 Pa. Commonwealth Ct. 17, 425 A.2d 873 (1981).

Since its decision in the *Investigation Upon Commission Motion Against Hervey Motor Company*, 43 Pa. P.U.C. 759 (1968), the Commission has considered the Code's school transportation exclusion to be *in pari materia* with the Public School Code of 1949, especially Section 1361(1), 24 P.S. §13-1361(1), which mandates transportation funding for "pupils who regularly attend nonpublic kindergarten, elementary and high schools not operated for profit," whenever free transportation is provided for public school pupils. From the legislature's conditional allowance of

[1] See the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§1-101 through 27-2702.

[2] Our scope of review is limited to determining whether constitutional rights have been violated, an error of law committed or whether necessary findings are supported by substantial evidence. *Green v. Pennsylvania Public Utility Commission*, 81 Pa. Commonwealth Ct. 55, 473 A.2d 209 (1984).

free transportation for non-public school students regularly attending non-profit kindergarten, elementary and high schools, the Commission inferred a legislative intent not to broaden the Section 102(2) exemption to include the daily transportation of student nurses from their nursing school to a *college* campus for classes. *Hervey.*

Thus, according to the Commission, the terms "private school" and "parochial school" of the Code's school transportation exclusion provision, when read *in pari materia* with the Public School Code of 1949, constitute non-public and non-profit kindergarten, elementary and high schools. In view of the great weight and deference that must be accorded the Commission's statutory interpretation, *Chappell,* we will not disturb the conclusion that the Center's Teen Tours Program is neither a private nor parochial school. Carol, therefore, is subject to the Code's certification requirements because it does not fit within the school transportation exclusion as interpreted by the Commission.

Accordingly, we affirm.[3]

### Order

And Now, this 28th day of June, 1984, the order of the Pennsylvania Public Utility Commission in the above captioned matter, docketed on October 7, 1982, is affirmed.

---

[3] We reject as specious Carol's bare assertion that the Commission's interpretation of school transportation exclusion provision violates the equal protection and free exercise of religion clauses of the state and federal constitution. Further, Carol has no standing to challenge a statute's validity "because of its affect on the putative rights of other persons." *Pequea Valley School District v. Department of Education,* 36 Pa. Commonwealth Ct. 403, 404 n.2, 387 A.2d 1022 n.2 (1978), *aff'd,* 483 Pa. 539, 397 A.2d 1154 (1979).