**Charles MUSCARELLA, Executor of the Estate of Josephine Carbo, individually and on behalf of all others similarly situated, Petitioner**

v.

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 2013.
Decided March 14, 2014.

Richard F. Stern, Warrington, and Mitchell A. Kramer, Rydal, for petitioner.

Jonathan C. Edmunds, Deputy Attorney General, Harrisburg, for respondent.

BEFORE: PELLEGRINI, President Judge, and McGINLEY, Judge, and LEADBETTER, Judge, and SIMPSON, Judge, and BROBSON, Judge, and McCULLOUGH, Judge, and COVEY, Judge.

OPINION BY Judge McCULLOUGH.

We consider here whether the estate of a claimant who paid her property taxes for the tax claim year, and was otherwise eligible for a rebate under the Senior Citizens Property Tax and Rent Rebate Assistance Act (Act)[1], but died before December 31 of the claim year, should still be entitled to a rebate. The Act provides rebates for a portion of real estate taxes and rents to claimants who meet certain age and income qualifications. The regulations of the Pennsylvania Department of Revenue (Department) relating to this Act also permit the personal representative of a claimant's estate to seek the rebate, provided that the claimant survived the entire claim year. *See* Sections 401.1(iv) and 401.43(a) of the regulations, 61 Pa.Code §§ 401.1(iv), 401.43(a). **These regulations permitting estates to obtain the rebate have been in effect, and essentially remained unchanged, for nearly four decades.** (R.R. at 69a, 147a.)

In this regard, presently before the Court is the application of Charles Muscarella, Executor of the Estate of Josephine Carbo (Decedent), on behalf of the Estate and the class that he represents (together Muscarella),[2] for entry of judg-

ment on liability only, as well as a cross-application for summary relief filed on behalf of the Commonwealth. In his application, Muscarella seeks an order declaring sections 401.1(iv) and 401.43(a) of the Department's regulations invalid insofar as they limit a personal representative of an estate from claiming a property tax rebate for a decedent who did not live during some part of the year next succeeding the calendar year for which the rebate is claimed. In its application, the Commonwealth seeks an order declaring that estates are ineligible for the property tax or rent rebate because the Act does not define the term "claimant" to include estates and that the aforementioned regulations are invalid to the extent they are inconsistent with the language of the Act.

For the reasons set forth below, we construe the Act as allowing a decedent's estate to pursue a claim for a rebate under the Act so long as the decedent meets any one of the three eligibility criteria set forth in the definition of "Claimant" under section 1303 of the Act, 53 P.S. § 6926.1303. We do not construe the Act as limiting the right of estates to file a claim only where the decedent lived throughout the entirety of the tax year for which the property tax or rent rebate is sought. We, therefore, will grant Muscarella's application for entry of judgment on the issue of liability only and deny the Commonwealth's cross-application for summary relief.

*Facts and Procedural History*

The parties stipulated to the following facts. Before her death, Decedent owned

---

1. Sections 1301–1313 of the Act of June 27, 2006, P.L. 1873, 53 P.S. §§ 6926.1301–6926.1313, which repealed and replaced the former Act of March 11, 1971, P.L. 104, formerly 72 P.S. §§ 4751-1–4751-12, known as the Senior Citizens Rebate and Assistance Act.

2. As will be discussed below, Muscarella is part of a class of certified persons or estates who filed property tax rebate claims for the years 2003 through 2008, and who were otherwise eligible for a rebate, but who had died on or before December 31 of the applicable tax year.

premises located at 434 Perm Road, Plymouth Township, Norristown, PA. For 2008 and some years prior thereto, Decedent paid property taxes for the premises and filed and obtained property tax rebates under the Act. Prior to her death on November 13, 2009, Decedent paid her 2009 property taxes in the amount of $2,183.94. On June 23, 2010, Muscarella filed a property tax rebate claim, Form PA–1000, with the Department.[3]

On July 30, 2010, the Department denied Muscarella's claim for the 2009 property tax rebate because Decedent did not survive for the entire 2009 tax year. Muscarella filed an appeal with the Department's Board of Appeals, but his appeal was denied. The Board of Appeals cited section 401.43 of the Department's regulations as the basis for its decision. Muscarella then filed a petition for review with the Board of Finance and Revenue (Board). However, by decision mailed on December 17, 2010, the Board sustained the decision of the Board of Appeals, also citing section 401.43, and Muscarella filed a petition for review with this Court.

Shortly thereafter, Muscarella filed a motion for certification of a class of claimants. Following an answer by the Commonwealth and argument, this Court, by decision and order dated January 11, 2012, granted Muscarella's motion and defined the class as those persons or estates who filed property tax rebate claims for the years 2003 through 2008, and who were otherwise eligible for a rebate, but who had died on or before December 31 of the applicable tax year.[4]

On November 27, 2012, Muscarella filed an application for entry of judgment on liability only, seeking to declare sections 401.1(iv) and 401.43 of the Department's regulations, as well as the instructions to the PA–1000 claim form, insofar as they define a claimant as having lived the entire year during which a rebate is sought, invalid and violative of the Equal Protection and Due Process Clauses of the United States and Pennsylvania Constitutions. Muscarella further requested a hearing as to damages.

Approximately two weeks later, the Commonwealth filed its own application for relief noting that the Act does not include an estate in its definition of a "claimant." The Commonwealth seeks an order declaring that estates are not eligible for a property tax rebate and that the aforementioned regulations are invalid to the extent that they are inconsistent with the language of the Act.

### Discussion

#### I. Statute and Regulations

We begin with a review of the relevant statutory and regulatory sections. Section 1301 of the Act states that the purpose of the Act was to provide "senior citizens with assistance in the form of property tax and rent rebates." 53 P.S. § 6926.1301. Both the current Act and its predecessor, the Senior Citizens Rebate and Assistance Act, define a "claimant" as a person who files a claim for a property tax or rent rebate and who meets the requisite statutory requirements. Section 1303 of the current Act defines an eligible "claimant" as:

A person who files a claim for property tax rebate or rent rebate in lieu of property taxes and:

---

3. The instructions to this form mirror the aforementioned regulations, essentially providing that for an estate to be eligible for the rebate, the decedent must have survived the entire claim year.

4. Pursuant to a later stipulation, the parties described the certified class as consisting of 2,455 identified claimants.

(1) was at least 65 years of age or whose spouse, if a member of the household, was at least 65 years of age during a calendar year in which real property taxes or rent were due and payable;

(2) was a widow or widower and was at least 50 years of age during a calendar year or part thereof in which real property taxes or rent were due and payable; or

(3) was a permanently disabled person 18 years of age or older during a calendar year or part thereof in which the real property taxes or rent were due and payable.

53 P.S. § 6926.1303.[5]

As early as 1974, the Department proposed regulations to the Act's predecessor recognizing that estates are included in the definition of "claimant," with the limitation that the decedent must have lived during some part of the year next succeeding the calendar year in which the rebate/assistance was sought. These regulations were ultimately adopted in 1976 and remain virtually unchanged in their present form. Currently, section 401.1(iv) of the Department's regulations provides, in pertinent part, as follows:

A claim for a property tax rebate or a rent rebate in lieu of property taxes may

be filed by the personal representative of a decedent's estate if, and only if, the decedent lived during some part of the year next succeeding the calendar year for which a rebate is claimed. 61 Pa. Code § 401.1(iv).

Section 401.43(a) similarly provides that: A claim for a property tax rebate or rent rebate in lieu of property taxes may be filed by the personal representative of a decedent's estate if, and only if, the decedent were alive on or after January 1 of the year next succeeding the calendar year for which a rebate is claimed.

61 Pa.Code § 401.43(a). The most recent 2012 instructions for the PA–1000 claim form relating to a deceased claimant mirror these regulations, stating that, "[t]o be eligible for a rebate, the claimant must have lived during all of [the tax year]. If a claimant died on or after Jan. 1 [of the succeeding year], the department will pay the rebate to the claimant's spouse, estate, or personal representative." [6]

During the course of the present litigation, Muscarella submitted numerous discovery requests to the Commonwealth seeking any documentation or information supporting this limitation, but the Commonwealth responded that no such documentation or information exists.[7] As a

---

**5.** The current version of the Act became effective June 27, 2006. Its predecessor, the Senior Citizens Rebate and Assistance Act, became effective March 11, 1971.

**6.** The Department's 2012 PA–1000 form and instruction booklet can be found on the Department's website at the following address:

http://www.revenue.state.pa.us/portal/server.pt/community/property_tax_rent_rebate/14711.

**7.** An exhibit attached to the parties' stipulation identified the following interrogatories and responses:

2. State the reason(s) the Current Regulation was formulated.

**Response:** After reasonable investigation, there are no documents or other information responsive to your request.

3. Identify all documents which relate or refer to the reason(s) the Current Regulation was formulated.

**Response:** After reasonable investigation, there are no documents or other information responsive to your request.

4. For each meeting, discussion and/or conference held concerning the formulation of the Current Regulation, prior to its promulgation, state the following:

a) The date;

b) The names, addresses and job titles of all participants;

c) The subject matter(s) discussed;

result, Muscarella argued that the regulations were violative of the Equal Protection and Due Process Clauses of the United States and Pennsylvania Constitutions. While the Commonwealth has since changed its position, the Commonwealth initially responded that the limitation contained within these regulations was reasonable, in furtherance of the intent of the Act, and rationally related to the purpose of the Act. We disagree with the Commonwealth.

## II. United States and Pennsylvania Constitutions Equal Protection

■■■ The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Likewise, Article 1, Section 26 of the Pennsylvania Constitution provides that "[n]either the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right." Pa. Const. art. I, § 26.[8] "The essence of the constitutional principle of equal protection under the law is that like persons in like circumstances will be treated similarly." Curtis v. Kline, 542 Pa. 249, 254, 666 A.2d 265, 267 (1995) (citing Laudenberger v. Port Authority of Allegheny County, 496 Pa. 52, 436 A.2d 147 (1981)). However, "[t]he prohibition against treating people differently under the law does not preclude the Commonwealth from resorting to legislative classifications ... provided that those classifications are reasonable rather than arbitrary and bear a reasonable relationship to the object of the legislation." Id. at 255, 666 A.2d at 268 (citations omitted).

■■■ In other words, a legislative classification of persons "must rest upon some ground of difference which justifies the classification and have a fair and substantial relationship to the object of the legislation." Id. Applying these principles to the present case, in order to treat claimants who die during the claim year differently from claimants who survive the claim year, the Commonwealth would be required to put forth persuasive evidence that such classification is reasonable rather than ar-

d) The location of each meeting, discussion and/or conference;
e) Identify all documents which relate to or refer to said meeting, discussion or conference.
**Response:** After reasonable investigation, there are no documents or other information responsive to your request.
5. State the basis upon which the term "the year next succeeding the calendar year for which a rebate is claimed" was placed in the Current Regulation.
**Response:** After reasonable investigation, there are no documents or other information responsive to your request.
6. State whether any data compilation, survey, or statistical analysis were made by or on behalf of Respondent concerning the formulation of the Current Regulation. With respect to each such data compilation, survey or statistical analysis, state the following:

a) Its title;
b) Date on which it was made;
c) By whom it was made;
d) At whose request it was made; and
e) Identify all documents relating to and/or containing said data compilation, survey or statistical analysis.
**Response:** After reasonable investigation, there are no documents or other information responsive to your request.
(R.R. at 264a–65a.)

8. Our Supreme Court has held that the equal protection provisions of the Pennsylvania Constitution are analyzed under the same standards used by the United States Supreme Court when reviewing equal protections claims under the Fourteenth Amendment to the United States Constitution. Doe v. Miller, 886 A.2d 310 (Pa.Cmwlth.2005), affirmed, 587 Pa. 502, 901 A.2d 495 (2006).

bitrary and bears a reasonable relationship to the object of the legislation. *Id.*

## Due Process

■ Regarding due process, "[t]he due process standards of United States and Pennsylvania Constitutions are essentially the same." *City of Philadelphia v. Pennsylvania Insurance Department,* 889 A.2d 664, 670 (Pa.Cmwlth.2005). The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. Due process under the Pennsylvania Constitution emanates from a number of provisions, including Article I, Sections 1, 9, and 11.[9]

■ Under the due process provisions of the Fourteenth Amendment, a person has a right to a due process hearing when the following two-prong test is met: (1) the challenged action has caused that party an injury in fact, economic or otherwise, and (2) when the interest asserted by the plaintiff is within the zones of interests sought to be protected or regulated by the statute or constitutional guarantee in question. *City of Philadelphia v. Pennsylvania Insurance Department.* "Stated a bit differently, under the Pennsylvania Constitution, a person is only entitled to due process protections when there is a legitimate claim of entitlement to a property interest or other protected interest." *Id.* at 670. In summary, under either the United States or Pennsylvania Constitutions, "once a party is determined to have a property interest or interest in the outcome of the litigation, that person has standing to challenge the governmental action and is entitled to a due process hearing." *Id.*

## Rational Basis Test

■ We next address the proper level of scrutiny to be applied in this case. "A statute that intrudes upon a citizen's fundamental right is subject to strict scrutiny." *Johnston v. Township of Plumcreek,* 859 A.2d 7, 11 (Pa.Cmwlth.2004), *appeal denied,* 583 Pa. 684, 877 A.2d 463 (2005) (citing *Griswold v. Connecticut,* 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965); *Stenger v. Lehigh Valley Hospital Center,* 530 Pa. 426, 609 A.2d 796 (1992)). Where, as here, the legislative classification does not implicate a fundamental right or involve a suspect class, the proper level of scrutiny is a rational basis test. *Kelley v. State Employees' Retirement Board,* 593 Pa. 487, 932 A.2d 61 (2007), *cert. denied,* 552 U.S. 1185, 128 S.Ct. 1260, 170 L.Ed.2d 69 (2008). In applying the rational basis test, a court will consider: 1) whether there exists any legitimate state interest; and 2) whether the legislation is reasonably related to promoting a legitimate state interest. *Association of Settlement Companies v. Department of Banking,* 977 A.2d 1257 (Pa.Cmwlth.2009). The burden is on the challenger to show that the legis-

---

9. Article I, Section 1 provides:
   All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness.
   PA. CONST. art. I, § 1.
   Article I, Section 9 provides, in pertinent part, that a person shall not be "deprived of his life, liberty or property, unless by the judgment of his peers or the law of the land." PA. CONST. art. I, § 9.
   Article I, Section 11 provides, in pertinent part, that "[a]ll courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law...." PA. CONST. art. I, § 11.

lation serves no legitimate state interest. *Id.*

■ In the present case, Muscarella established the lack of any legitimate state interest in treating claimants who die during the claim year any differently from claimants who survive the entire claim year. Indeed, the record, namely the interrogatories Muscarella submitted to the Commonwealth, support such a conclusion. In these interrogatories, the Commonwealth could not identify any evidence or information that would provide justification, rational or otherwise, for requiring a claimant to survive the entire claim year. Under either situation, the deceased individual does not receive the rebate; rather, the rebate goes to the estate.

■ The very language of these regulations, as well as the instructions to the PA–1000 claim form, expressly prohibit estates like that of Decedent and others similarly situated from even filing a claim for rebate if the claimant does not survive the entire claim year, without any means of challenging their exclusion. Indeed, the regulations state that a claim may be filed "if, and only if," the decedent survives into the succeeding claim year and the instructions state that "no claim may be filed" if the claimant died within the claim year. Hence, filing a claim or filing an appeal of a denial is futile, thereby denying individuals such as Muscarella and all other members of the class their right to due process to protect the legitimate property interest in obtaining a rebate under the Act.

The Commonwealth has failed to produce evidence to support a legitimate state interest and that the legislation is reasonably related to promoting such interest, or the availability of an adequate method for claimants to protect their property interests. It has failed to establish a rational basis for treating the estates of deceased persons who live to January 1st of the

succeeding claim year any differently than those who die on or before December 31st of the claim year. Also, the Commonwealth has failed to provide a basis for the current regulations. Therefore, we must conclude that the current regulations, as well as the instructions to the PA–1000 claim form, insofar as they limit a personal representative of an estate from claiming a property tax rebate for a decedent who did not live during some part of the year next succeeding the calendar year for which the rebate is claimed, violate the Equal Protection and Due Process Clauses of the United States and Pennsylvania Constitutions.

### III. Commonwealth's Change of Position Regarding Validity of Regulations

Next, we address the Commonwealth's assertion that all estates are prohibited from receiving rebates. The Commonwealth now maintains that the Court should disregard the regulations permitting rebates to estates, in essence abandoning its prior position that the regulations are reasonable and in furtherance of the intent of the Act. Specifically, the Commonwealth argues that the definition of "claimant" under section 1303 of the Act is clear and unambiguous and does not include estates. Again, we cannot agree.

■ As noted above, section 1303 defines a "claimant" as a "person who files a claim for property tax rebate or rent rebate in lieu of property taxes...." 53 P.S. § 6926.1303. However, section 1303 does not include a definition of the term "person." When a term is not defined in a statute, we resort to the definitions provided in section 1991 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1991. *Malt Beverages Distributors Association v. Pennsylvania Liquor Control Board,* 601 Pa. 449, 974 A.2d 1144 (2009) (where a

latent ambiguity exists in a statute, we resort to the canons of statutory construction); *Farago v. Sacred Heart General Hospital,* 522 Pa. 410, 562 A.2d 300 (1989) (where a term is not defined in statute, we look to the definitions section of the Statutory Construction Act). Section 1991 defines "person" as including "a corporation, partnership, limited liability company, business trust, other association, government entity (other than the Commonwealth), **estate,** trust, foundation or natural person." 1 Pa.C.S. § 1991 (emphasis added). Clearly, the definition of "person" includes an "estate." Because the term "claimant" as used in section 1303 of the Act includes a "person," we must construe the definition of "claimant" under the Act as including estates.

In addition, section 1303 of the Act sets forth three different scenarios whereby a person would qualify as a "claimant," all of which must occur "**during** a calendar year in which real property taxes or rent were due and payable." 53 P.S. § 6926.1303 (emphasis added). As noted above, these scenarios include a person attaining the age of 65, a widow or widower at least 50 years of age, or a permanently disabled person 18 years of age or older. However, similar to the use of the term "person"

above, the Act does not include a definition of "during." Likewise, the Statutory Construction Act does not define this term. In accordance with section 1903(a) of the Statutory Construction Act, "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage...." 1 Pa. C.S. § 1903(a). "During" is generally defined as "**throughout** the continuance or course of" **or** "at **some time** in the course of." *Webster's Third New International Dictionary* 703 (2002) (emphasis added). As this definition reflects two distinct meanings, we must conclude that this is a matter requiring further legislative resolution and cannot support the Commonwealth's position at this time.[10]

The Act is silent as to the earliest a claim may be filed, providing only that it "shall be filed ... on or before the 30th day of June of the year next succeeding the end of the calendar year in which real property taxes or rent was due and payable." 53 P.S. § 6926.1305; 61 Pa.Code § 403.1. In other words, if a senior citizen lives at least until January 1 of the year succeeding the tax year and then dies, his estate has until June 30 to file for the rebate. However, if a senior citizen dies

---

**10.** We note that this is not the first time this issue has come before the Commonwealth. In *McConnell v. Department of Revenue,* 52 Pa.Cmwlth. 479, 415 A.2d 1012 (1980), this Court sustained the Department's preliminary objections to a class action petition for review challenging an identical regulation promulgated under the predecessor to the Act because of the availability of a statutory remedy before the Department and the lack of any constitutional challenge.

After the Department's Board of Finance and Revenue sustained the decision of the Board of Appeals denying the request for a rebate and concluding that it had no jurisdiction to resolve a class action request, an appeal was filed with this Court along with a motion to certify the suit as a class action.

We denied the motion and this denial was immediately appealed to our Supreme Court consistent with 42 Pa.C.S. § 723(b) ("[a]ny final order of the Commonwealth Court entered in any appeal from a decision of the Board of Finance and Revenue shall be appealable to the Supreme Court, as of right, under this section") and *Bell v. Beneficial Consumer Discount Company,* 465 Pa. 225, 348 A.2d 734 (1975) (holding that a denial of class action status is a final appealable order). Our Supreme Court reversed and remanded for further proceedings concluding that this Court must entertain the motion for class action as well as review the merits relating to the denial of the rebate. *See McConnell v. Commonwealth,* 503 Pa. 322, 469 A.2d 574 (1983).

before January 1, the estate is not entitled to the rebate.

In its denial of property tax relief for senior citizens long recognized by the Department, the dissent sides with the Commonwealth and would deny such relief to the estate of anyone who has the misfortune to die before he or she could personally file a rebate claim.[11] In so doing, the dissent disregards the fact that for 37 years the Commonwealth recognized that a rebate claimant included the estate of the eligible senior citizen, albeit with the arbitrary requirement that one who would otherwise be eligible for relief under the statute must live at least one nanosecond into the year subsequent to the one in which property taxes had been paid.

■■■ The dissent also overlooks the fact that since the Commonwealth first proposed regulations in 1974 stating that estates are included in the definition of "claimant," the General Assembly amended the original 1971 Senior Citizens Rebate and Assistance Act at least ten times over the years before repealing and replacing it with the new Act in 2006, and never amended it to deny estates the right to file for the rebate. The case law of the Commonwealth has made it clear when, as is the case here, statutory language is not explicit, legislative intent may be ascertained through administrative interpretation, and such an interpretation, not being disturbed by the legislature, is an appropriate guide to legislative intent. *See Carlson Mining Company v. Department of Environmental Resources*, 163 Pa. Cmwlth. 141, 639 A.2d 1332, 1335 (1994); *Nationwide Mutual Insurance Company v. Foster*, 134 Pa.Cmwlth. 585, 580 A.2d 436, 438 (1990); *Estate of Kuljian v. Tax Review Board City of Philadelphia*, 111 Pa.Cmwlth. 451, 533 A.2d 1135, 1137 (1987); *Community Car Pool Service, Inc. v. Pennsylvania Public Utility Commission*, 111 Pa.Cmwlth. 73, 533 A.2d 491, 494 (1987); *Carol Lines, Inc. v. Pennsylvania Public Utility Commission*, 83 Pa.Cmwlth. 393, 477 A.2d 601, 602 (1984). *See also* 1

11. The dissent rationalizes its adoption of the Commonwealth's newfound position of denying any estate the right to claim property tax relief on several specious arguments. Although the Act identified "claimants" as "persons" who meet the requisite criteria, the Act does not define "persons." The dissent rejects the definition of "persons" contained in section 1991 of the Statutory Construction Act which includes an "estate" because that definition also includes "corporations" and other inanimate entities that lack the obvious nexus that exists between a natural person and his or her estate. The dissent also rationalizes its position that a rebate "paid to a decedent's estate may benefit the creditors of the estate and the estate's beneficiaries, but it provides no benefit to the deceased senior citizen." (Dissent op. at 982.) This "can't take it with you" rationale creates the dilemma as to what is to be made of the individual who lives to file the claim but dies before the rebate is paid and received. By the dissent's reasoning, that individual does not obtain a benefit either, but by virtue of the position taken by the dissent and the Commonwealth, the claim would be eligible for payment. Such a clearly arbitrary result can only be avoided by the determination of unconstitutionality which the majority has reached.

Moreover, the dissent focuses on the lack of benefit to a "deceased senior citizen." The aforementioned regulations essentially require an eligible person to front the payment of the tax, in effect overpaying the tax. They must then wait until the following year to claim the rebate and wait further to receive it. However, to obtain the rebate, the eligible person *must first pay the tax*. In the case *sub judice*, Decedent paid her property taxes prior to her death in November 2009. Thus, the burden is on the senior citizens, who are the objects of this relief and if, as the dissent and the Commonwealth would have it, they now must actually be alive to file their claim a year later, or forfeit it, the very purpose of the Act is frustrated. The senior citizen must risk losing as much as a 100% property tax rebate on the condition that he or she must be alive a year later to claim it.

Pa.C.S. § 1921(c)(8). Given the General Assembly's refusal to deny estates the right to file property tax rebate claims in the five decades of the existence of the statute in one form or another, which encompasses the ten amendments and a repeal, and a replacement statute as noted above, one may safely conclude that the legislative intent is to include estates within the ambit of rebate relief. In light of such, it is inappropriate to usurp the role of the legislature and eliminate by judicial fiat, the right of estates to claim property tax rebate relief.

By recognizing the unconstitutionality of the distinction applied to senior citizens of survivability to file a claim, the purposes of the Act are not only being followed but are being enhanced. Furthermore, it has been the Commonwealth who permitted estates to file for and receive rebates as long as the senior citizen lived until January 1 of the year succeeding the tax year. In so doing, the Commonwealth permitted estates of senior citizens to receive such a benefit and now attempts to undo its own actions.

We emphasize that the Department itself made a determination nearly 40 years ago that an estate may qualify as an eligible "claimant" under the Act and it enacted regulations to effectuate that determination. However, the Department placed a condition on an estate's receipt of the rebate, a condition which we determined above does not pass constitutional muster. Contrary to the dissent, **we are neither amending the existing regulations nor drafting new regulations that apply to a previously unrecognized class of claimants.** Additionally, the dissent states that "the question that both Petitioner and Revenue pose in their cross-applications for summary relief, is whether a decedent's estate—whether any decedent's estate—may file a claim under the Act. Respectfully, I do not believe the majority fully analyzes this question...." (Dissent op. at 980). Respectfully, the dissent presents a question that has already been answered. Estates have been receiving rebates for nearly four decades. We are simply invalidating the condition imposed by the Department precluding certain estates from obtaining the rebate. The Department is free to amend or repeal the regulations, provided it does so in an appropriate manner as discussed below.

### Commonwealth Documents Law

Moreover, to the extent that the Commonwealth seeks to void the Department's current regulations, such action is precluded by the Commonwealth Documents Law (CDL).[12] The CDL sets forth specific, mandatory procedures with regard to the legality, amendment, or repeal of administrative regulations. Specifically, section 205 of the CDL provides that "[a]ll administrative regulations and changes therein shall be approved as to legality by the Department of Justice" and that "[t]he decision of the Department of Justice shall be final and shall not be subject to any form of judicial review at the instance of the agency...." 45 P.S. § 1205. Additionally, section 201 of the CDL requires an agency to provide "public notice of its intention to ... amend or repeal any administrative regulation" and section 202 requires an agency to "review and consider any written comments" before "taking action upon any administrative regulation or change therein." [13] 45 P.S. §§ 1201, 1202.

---

12. Act of July 31, 1968, P.L. 769, *as amended,* 45 P.S. §§ 1102–1602; 45 Pa.C.S. §§ 501–907.

13. Section 201 of the CDL provides that:

Except as provided in section 204 an agency shall give, in the manner provided in section 405 (relating to additional contents of temporary supplements) public notice of

Here, the Commonwealth approved the current regulations because the Pennsylvania Bulletins in which the regulations allowing estates to recover rebates were first published stated that the regulations were to be forwarded to the Department of Justice to be approved for legality. *See* Pa. Bulletin 284–85 (February 15, 1975); Pa. Bulletin 392–93 (February 28, 1976). The regulations were then set forth in the Pennsylvania Code, which creates a rebuttable presumption that the regulations were in fact approved. *See* Section 905(2) of the CDL, 45 Pa.C.S. § 905(2) (stating that the publication of any document in the Code creates a rebuttable presumption that the document "was approved as to legality"). Nonetheless, the Commonwealth seeks to void the current regulations by circumventing the very same public notice and comment requirements of the CDL which the Commonwealth complied with in enacting them. Thus, this Court is not the proper venue for the relief the Commonwealth seeks, i.e., attempting to amend or void the current regulations.

### Conclusion

The Department has been providing rebates to estates pursuant to the regulations it properly enacted as far back as 1976. The Commonwealth now seeks to void and/or interpret the current regulations differently so as to preclude all estates from receiving rebates. Because section 1303 of the Act refers to a "person," which we interpret as including an "estate" under section 1991 of the Statutory Construction Act, and the CDL precludes the Commonwealth from attempting to void the applicable regulations in the course of this litigation, the Commonwealth's arguments must fail. The resolution presently sought by the Commonwealth rests in the hands of the General Assembly and/or the Department.

Accordingly, because the regulations as written, and applied, violate the Equal Protection and Due Process Clauses of the

its intention to promulgate, amend or repeal any administrative regulation. Such notice shall include:

(1) The text of the proposed administrative regulation, except any portions thereof omitted pursuant to section 407 (relating to matter not required to be published), prepared in such a manner as to indicate the words to be added or deleted from the presently effective text thereof, if any.

(2) A statement of the statutory or other authority under which the administrative regulation or change therein is proposed to be promulgated.

(3) A brief explanation of the proposed administrative regulation or change therein.

(4) A request for written comments by any interested person concerning the proposed administrative regulation or change therein.

(5) Any other statement required by law.

45 P.S. § 1201. Section 202 provides that:

Before taking action upon any administrative regulation or change therein the agency shall review and consider any written comments submitted pursuant to section 201 and may hold such public hearings as seem appropriate. If the act of Assembly or other authority under which a regulation is proposed to be promulgated, amended or repealed requires the holding of public hearings or establishes other procedures in addition to those prescribed by this Article II, the agency shall hold public hearings or comply with such other procedures as are not inconsistent with the provisions of this act. The agency text of any administrative regulation or change therein as finally adopted may contain such modifications to the proposed text as published pursuant to section 201 as do not enlarge its original purpose, but modifications which enlarge the original purpose of a proposal as published under section 201 shall be republished thereunder prior to final adoption by the agency.

45 P.S. § 1202.

United States and Pennsylvania Constitutions, and we construe the Act as allowing a decedent's estate to pursue a claim for a rebate so long as the decedent meets any one of the three eligibility criteria set forth in the definition of "Claimant" under section 1303 of the Act, coupled with the CDL prohibition discussed above, we grant Muscarella's application for entry of judgment on liability only and deny the Commonwealth's cross-application for summary relief.

### ORDER

AND NOW, this 14th day of March, 2014, we grant the application of Charles Muscarella, on behalf of himself individually as Executor of the Estate of Josephine Carbo and on behalf of the class that he represents, for entry of judgment on liability only, and deny the Commonwealth's cross-application for summary relief. The specific portions of sections 401.1(iv) and 401.43(a) of the regulations of the Pennsylvania Department of Revenue (Department), 61 Pa.Code §§ 401.1(iv), 401.43(a), and the instructions to the PA–1000 property tax and rent rebate claim form, insofar as they limit a personal representative of an estate from claiming a property tax rebate for a decedent who did not live during some part of the year next succeeding the calendar year for which the rebate is claimed, are hereby declared invalid.

### DISSENTING OPINION BY Judge BROBSON.

For decades, the Pennsylvania Department of Revenue (Revenue) has allowed the personal representative of a decedent's estate to file a claim for a property tax or rent rebate under the Senior Citizens Property Tax and Rebate Assistance Act (Act)[1] so long as the decedent lived throughout the entirety of the tax year for which the property tax or rent rebate is sought.[2] 61 Pa.Code §§ 401.1, .43 (Estate Rebate Regulations). The Board of Finance and Revenue (Board) has applied the Estate Rebate Regulations, thereby precluding estates of decedents who died before the end of the tax year in question from seeking a rebate under the Act in the subsequent tax year.

Petitioner Charles Muscarella (Petitioner), Executor of the Estate of Josephine Carbo, as representative of a class of similarly-situated persons and estates (Class),[3] challenges the Estate Rebate Regulations by way of an appeal from the Board's

---

1. Act of June 27, 2006, P.L. 1873 (Spec. Sess. No. 1), 53 P.S. §§ 6926.1301–.1313, which is a continuation of the former Act of March 11, 1971, P.L. 4, *as amended*, 72 P.S. §§ 4751–1 to –12, commonly referred to as the Senior Citizens Rebate and Assistance Act.

2. Claims under the Act "shall be filed ... on or before the 30th day of June of the year next succeeding the end of the calendar year in which real property taxes or rent was due and payable." Section 1305 of the Act, 53 P.S. § 6926.1305(a).

3. Pursuant to this Court's January 11, 2012 Order, certifying this matter as a class action, the Class consists of

   ... those persons or the estate of all those persons who, having filed valid claims for rebate of property taxes under the Senior Citizens Property Tax and Rebate Assistance Act, Act of June 27, 2006, P.L. 1873 (Spec. Sess. No. 1), 53 P.S. §§ 6926.1301–.1313 [ (Act) ], which is a continuation of the former Act of March 11, 1971, P.L. 4, *as amended*, 72 P.S. §§ 4751–1 to –12, commonly referred to as the Senior Citizens Rebate and Assistance Act, for the years 2003 through 2008, who paid property taxes in the subsequent calendar year, and who were otherwise eligible to receive property tax rebates for the subsequent calendar year, but who died on or before December 31 of that subsequent year and did not receive such rebates.

   *Muscarella v. Commonwealth*, 39 A.3d 459, 473 (Pa.Cmwlth.2012) (Brobson, J.).

December 14, 2010 decision, affirming the decision of Revenue to deny Petitioner's 2010 claim for a 2009 tax rebate because Josephine Carbo died on November 13, 2009. Petitioner argues that the Estate Rebate Regulations unconstitutionally differentiate, for purposes of who may be a "claimant" under the Act, between the estates of decedents who die before the end of the tax year at issue and those who die in the subsequent year, where in both instances the decedent paid the tax for which the rebate is sought. In his Petition for Review, Petitioner asks that we hold, *inter alia,* that estates may file claims for rebates under the Act, that we declare the Estate Rebate Regulations invalid, and that we compel revisions to Revenue's regulations under the Act "to reflect that a decedent's estate is not precluded from obtaining a rebate solely because the decedent did not survive for the entire year for which the property taxes were paid." (Petition for Review at 11.)

In his application for summary relief as to liability only, Petitioner, *inter alia,* presses his request that we declare invalid the Estate Rebate Regulations and implementing language contained on the relevant claim form (PA–1000), because they unconstitutionally differentiate between estates where a decedent survives the end of the tax year at issue and estates where the decedent, like Josephine Carbo, dies be-

fore the tax year for which the rebate is sought. The majority accepts Petitioner's argument and declares the Estate Rebate Regulations (and form language) invalid "insofar as they limit a personal representative of an estate from claiming a property tax rebate for a decedent who did not live during some part of the year next succeeding the calendar year for which the rebate is claimed, are hereby declared invalid." (Majority Order.) Because that is exactly the purpose and content of the Estate Rebate Regulations (and form), the effect of the majority's decision is that the Estate Rebate Regulations are invalid *in toto.* I concur with the majority's decision in this regard.[4]

I am, however, left to wonder where this leaves the Class in terms of the ultimate relief Petitioner seeks in this action—*i.e.,* the ability of decedents' estates to file claims under the Act and a demand for damages in the form of rebates wrongfully withheld by Revenue. The question that must be answered, and the question that both Petitioner and Revenue pose in their cross-applications for summary relief, is whether a decedent's estate—whether *any* decedent's estate—may file a claim under the Act. Respectfully, I do not believe the majority fully analyzes this question, and, as a consequence, it reaches an incorrect conclusion that "claimant" under the Act includes estates.[5] (Maj. Op. at 974.)

---

4. Given the majority's decision to declare the Estate Rebate Regulations constitutionally infirm and thus invalid, the majority's rejection of Revenue's argument that the Estate Rebate Regulations are invalid because they conflict with the Act is inconsequential. (Maj. Op. at 974-75.)

5. To the extent the majority tacitly suggests that its decision means only that the Estate Rebate Regulations (until repealed or amended by Revenue) must now be read to allow *all* estates to file claims under the Act, I strongly disagree. Taking such a position would effectively amend the Estate Rebate Regulations to

confer "claimant" status under the Act on a class of estates that, without this Court's bluelining, would not have it. In so doing, we would be compelling Revenue not to comply with its own regulations, but new ones of this Court's making. This Court simply lacks the authority to amend an agency's regulations in such a fashion—strike unconstitutional provisions, yes, but amend to confer substantive rights not conferred by the agency or the General Assembly, no. Instead, as noted above, we must necessarily look to the Act to determine whether, in the absence of the Estate Rebate Regulations (now stricken as un-

To answer this question, we must look to the Act and corresponding regulations, *sans* the now invalid Estate Rebate Regulations—*i.e.,* 61 Pa.Code § 404.43 and paragraph (iv) of the definition of "claimant" in 61 Pa.Code § 401.1 (relating to a claim by a "decedent's estate if, and only if, the decedent lived during some part of the year next succeeding the calendar year for which a rebate is claimed"). To file a claim under the Act, one must be a "claimant." Section 1305(d) of the Act, 53 P.S. § 6926.1305(d).[6] The Act defines the term "claimant" as follows:

A *person* who files a claim for property tax rebate or rent rebate in lieu of property taxes and:

(1) was at least 65 years of age or whose spouse, if a member of the household, was at least 65 years of age during a calendar year in which real property taxes or rent were due and payable;

(2) was a widow or widower and was at least 50 years of age during a calendar year or part thereof in which real property taxes or rent were due and payable; or

(3) was a permanently disabled person 18 years of age or older during a calendar year or part thereof in which the real property taxes or rent were due and payable.

Section 1303 of the Act, 53 P.S. § 6926.1303 (emphasis added).

"Person" is not defined in the Act. In the absence of a definition in the Act, the majority appropriately looks to the Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1501–1991. Therein, "person" is defined to "[i]nclude[ ] a corporation, partnership, limited liability company, business trust, other association, government entity (other than the Commonwealth), estate, trust, foundation or natural person." 1 Pa.C.S. § 1991. Because "estate" is included in this list, the majority reasons that an estate must be considered a "claimant" under Section 1303 of the Act. I respectfully and reluctantly, given the longstanding practice of Revenue of affording certain estates claimant status under the Act, disagree.

Section 1991 of the Statutory Construction Act serves as a gap filler, providing definitions to aid in the construction of words and phrases in other statutes "unless the context clearly indicates otherwise." *Id.; see also Fox Chapel Area Sch. Dist. v. Dunlap,* 53 Pa.Cmwlth. 479, 417 A.2d 1329 (1980) (holding that context of legislation precluded application of definition of term "year" in Section 1991 of Statutory Construction Act). The definition of "person" in Section 1991 is broad. It includes not only natural persons and estates, but businesses, governmental entities, and foundations. No one in this case is arguing, let alone suggesting, that these latter entities are "claimants" under the Act because they are "persons" under Section 1991 of the Statutory Construction Act. The reason no one is taking such an absurd position is apparent from the con-

---

constitutional) and any other language in Revenue's regulations that would confer "claimant" status on the Class, *any* estate, and particularly an estate in the Class, may be a "claimant" under the Act.

**6.** Section 1305(d) of the Act provides:

    **(d) Eligibility of claimants.—**

(1) Only one claimant from a homestead each year shall be entitled to the property tax and rent rebate.

(2) If two or more persons are able to meet the qualifications for a claimant, they may determine who the claimant shall be.

(3) If they are unable to agree, the department shall determine to whom the rebate is to be paid.

text of the Act. That context should also preclude this Court from interpreting "claimant" in the Act to include estates.

Section 1301 of the Act provides that context for the entire Act: "This chapter provides *senior citizens* with assistance in the form of property tax and rent rebates." (Emphasis added.) This legislative statement establishes definitively the General Assembly's intent that the purpose of the Act is to benefit, at least primarily, senior citizens.[7] A tax or rent rebate paid to a decedent's estate may benefit the creditors of the estate and the estate's beneficiaries, but it provides no benefit to the deceased senior citizen. Thus, to allow an estate to pursue a rebate under the Act would be contrary to the General Assembly's stated purpose for enacting the law.

Moreover, the word "estate" (like corporation, partnership, foundation, government entity, etc.) cannot be substituted as a synonym for "person" in the context of the Act's definition of "claimant" in Section 1303. An estate cannot attain at least 65 years of age. It cannot marry and, thus, also can never be a widow or a widower. Finally, it cannot be permanently disabled. An estate, unlike a *natural* person, cannot meet any of the eligibility criteria set forth in the Section 1303 definition of "claimant". Thus, the context of the Section 1303 defi-nition of "claimant" precludes use of the broader definition of "person" found in Section 1991 of the Statutory Construction Act as a basis for allowing anything (anyone) other than a natural person to be a claimant under the Act.

For the reasons set forth above, I would grant the application for summary relief of the Class in part by declaring invalid paragraph (iv) of the definition of "claimant" in 61 Pa.Code § 401.1 and the entirety of 61 Pa.Code § 401.43(a), referred to above as the Estate Rebate Regulations. I would deny the Class's application in all other respects. I would also grant Revenue's cross-application for summary relief in part and hold that a decedent's estate cannot file a claim under the Act.

Judges LEADBETTER and COVEY join in this dissent.

---

**7.** "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). "The clearest indication of legislative intent is generally the plain language of a statute." *Walker v. Eleby*, 577 Pa. 104, 123, 842 A.2d 389, 400 (2004).